GOTHARD, Judge.
This is an appeal from a judgment of the district court granting an exception of prematurity and dismissing plaintiffs suit without prejudice. From that judgment, plaintiff appeals.
Plaintiff, Janet B. Benedict, filed a medical malpractice action against Dr. Norma Kearby, John Doe (an unknown person), and their insurer, ABC Insurance Company, claiming that Dr. Kearby failed to properly diagnose her condition of cancer of the thyroid gland and caused her damages. Dr. Kearby is a health care provider certified as an enrollee under the Medical Malpractice Act. See LSA-R.S. 40:1299.41(A)(1). Plaintiff failed to present her claim to the medical review panel prior to institution of suit as required under the Act. LSA-R.S. 40:1299.47(B)(1)(a)(i).[1] Accordingly, the exception of prematurity was properly granted.
Plaintiff asserts the unconstitutionality of the Medical Malpractice Act on the ground that the provision requiring pre-suit submission of a malpractice claim to a medical review panel, LSA-R.S. 40:1299.-47 (B)(l)(a)(i), unreasonably discriminates against a person because of physical condition, in violation of Article 1, section 3 of the 1974 Louisiana Constitution as interpreted by the Louisiana Supreme Court in Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La.1985). Plaintiff also asserts that the provision grants to the health care provider a preferred method of litigating a malpractice action (i.e., review before his professional peers) not available to the malpractice victim, who as a result is denied due process of law.
*871 Although the plaintiff asserts the unconstitutionality of the entire Medical Malpractice Act, we consider only the constitutionality of LSA-R.S. 40:1299.47(B)(1)(a)(i), it being the only section of the Act necessary to resolve the dispute. Aston v. Lazarus, 439 So.2d 1240 (La.App. 5th Cir.1983). Considering our recent decision in Bridley v. Alton Ochsner Medical Foundation Hospital and ABC Insurance Company, 532 So.2d 905 (La.App. 5th Cir.1988), which upheld the provision in question against identical arguments of unconstitutionality grounded in an asserted violation of equal protection of the laws of the State and Federal constitutions, as well as the Supreme Court decision in Everett v. Goldman, 359 So.2d 1256 (La.1978), which upheld the Medical Malpractice Act against due process challenges, we perceive no reason not to hold the same here.
Next, we consider Dr. Kearby’s request for frivolous appeal damages. Dr. Kearby did not answer the appeal but seeks frivolous appeal damages in an appellate motion, styled “Motion for Damages for Frivolous Appeal.” This pleading was not filed until September 13,1988. Under the provision of LSA-C.C.P. art. 2133 such relief must be asked for in answer to the appeal filed within fifteen days of the return date or filing of the transcript which was not done in this instance. Walker v. Creech, 509 So.2d 168 (La.App. 1st Cir.1987) writ denied 512 So.2d 464 (La.1987). Therefore, we are not called upon to decide this issue.
For the reasons given, the decision of the trial court sustaining the exception of prematurity is affirmed.
AFFIRMED.

. LSA-R.S. 40:1299.47(B)(1)(a)(i) provides:
No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this section.