LeBLANC, Judge.
This is an appeal by plaintiff from the trial court’s granting of an exception of prematurity.
Plaintiff, Joseph C. Lewis, filed a medical malpractice action against Marshall Cross-man, D.C. (Crossman) and William Dear, D.C. (Dear)[1] on September 25,1985. Plaintiffs petition alleged the following facts:
Plaintiff was referred to the Back and Neck Clinic of Louisiana, in August of 1984, for chiropractic treatments for the relief of mild lower back discomfort. At this clinic, plaintiff received several spinal manipulations by Dear and in connection therewith an x-ray film of his back was taken. In September of 1984, plaintiffs care was turned over to Crossman, an employee of Dear. On September 18, 1984, plaintiff was treated by Crossman with the use of a multi-level treatment table. While plaintiff lay face down on the table, with the middle of his torso elevated, Crossman pushed down and placed weight on plaintiff's back. Plaintiff experienced immediate and intense pain in his back from this treatment. However, he returned for additional treatments by Crossman.
In November of 1984, plaintiff was examined by his family physician who referred plaintiff to Dr. Patricio Mujica, a neurosurgeon. On December 12, 1984, Dr. Mujica performed back surgery on plaintiff, from which Dr. Mujica determined that an intervertebral disc and ligaments were severely torn. Plaintiff underwent additional surgery by Dr. Mujica on June 19, 1985. Plaintiff continues to experience almost constant pain in his back and has an atrophied left leg with partial paralysis in it.
Plaintiffs petition further alleged that Crossman and Dear were liable to plaintiff for their acts of negligence and malpractice in the following respects:

Marshall Crossman, D.C.

(1) Placement of plaintiff upon a treatment table in a manner which would for-seeably (sic) damage intervertebral discs and back ligaments;
(2) Adjustment, manipulation or subluxation of plaintiffs spine by using excessive force;
(3) Other acts or omissions to be proved at trial.
William Dear, D.C. ...
(1) Failure to supervise Marshall Cross-man, D.C. in the treatment of plaintiff when he knew or should have known of his placement of plaintiff on a table in a manner which would forseeably (sic) cause extensive damage to the structures of the back;
(2) Failure to instruct Marshall Cross-man, D.C. in the use of a multi-level treatment table;
(3) Other acts or omissions to be proved at trial.
In response to plaintiffs petition, defendant Dear raised the dilatory exception of prematurity, claiming that before any action can be commenced against a health care provider[2], the complaint must be presented to a medical review board as required by the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41 et seq. On June 4, 1986, the trial court signed a judgment sustaining the exception of prematur *993 ity and dismissing plaintiffs claims against Dear without prejudice.
On December 11, 1987, plaintiff filed another petition for damages, naming Dear and Crossman as defendants.[3] Therein, plaintiff stated that he had submitted his claim to a medical review panel, pursuant to La.R.S. 40:1299.47, and that the medical review panel had rendered an opinion on September 23, 1987, which he rejected. He further stated that he was refiling his previous suit. The factual allegations set forth by plaintiff, regarding the chiropractic care that he received from Dear and Crossman and his resulting injuries, in this 1987 suit were the same allegations he had made in the September 25, 1985 petition. Additionally, plaintiffs allegations regarding Dear’s and Crossman’s acts of negligence and malpractice were exactly the same as the allegations raised in the previous suit. In response, Dear filed an answer which denied most of the allegations made by plaintiff. Subsequently, plaintiff filed an amending and supplemental petition, in which he amended his December 11, 1987 petition with respect to the allegations regarding Dear’s acts of negligence and malpractice.[4] The amending allegations were set forth as follows:
(1) Failure to perform adequate x-ray examinations during any and all office visits with defendants;
(2) Failure to perform any examinations and x-rays subsequent to treatment by Marshall Crossman, D.C. ... when William Dear, D.C. knew or in the exercise of reasonable care should have known that plaintiff suffered an injury;
(3) Abandonment of care to plaintiff;
(4) Failure to properly direct and supervise the work of Marshall Crossman, D.C.
Thereafter, Dear filed a dilatory exception of prematurity to the amending and supplemental petition. Dear claimed that the amending and supplemental petition alleged acts of malpractice which had not been presented to a medical review panel, pursuant to La.R.S. 40:1299.47, and thus was premature. The trial court sustained the exception of prematurity and ordered that the amending and supplemental petition be dismissed with respect to Dear,[5] without prejudice. Plaintiff appeals the trial court’s judgment, contending that the court erred when it ruled that the amending and supplemental petition was premature.
La.R.S. 40:1299.47A(1) provides, “[a]ll malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section.”
La.R.S. 40:1299.47B(l)(a)(i) provides, “[n]o action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section.”
In the present case, there is no dispute that plaintiff has submitted a claim to the medical review panel based on the facts alleged in his December 11, 1987 petition and that the panel has rendered an opinion regarding those facts. However, there is no evidence that the specific allegations raised in plaintiff’s amending and supplemental petition were considered by the medical review panel. Specifically, there is no evidence to establish that the medical review panel has considered plaintiff’s allegations that Dear'was negligent in (1) failing to perform adequate x-ray examina *994 tions, (2) failing to perform examinations of plaintiff subsequent to his treatment by Crossman when Dear knew or should have known that plaintiff suffered an injury, and (3) abandoning the care of plaintiff. Thus, the record does not clearly establish that plaintiffs proposed complaints presented in his amending and supplemental petition have been presented to a medical review panel as required by La.R.S. 40:1299.47B(l)(a)(i).
In raising the exception of prematurity, Dear bears the initial burden of showing that an administrative remedy is available, by reason of which the judicial action is premature. Steeg v. Lawyers Title Insurance Corporation, 329 So.2d 719 (La.1976). Dear has clearly shown that an administrative remedy is available to plaintiff pursuant to the Medical Malpractice Act, with respect to the proposed complaints raised by plaintiff in the amending and supplemental petition. Thus, the burden shifted to plaintiff to establish that the medical review panel had in fact considered his complaints of malpractice raised in the amending and supplemental petition. Since plaintiff has not met this burden, we find the trial court correctly found that the amending and supplemental petition was premature with respect to the alleged acts of malpractice by Dear.
Plaintiff contends that the amending and supplemental petition does not set forth any new claims but rather only sets forth clarifying facts. We disagree. The allegations in the amending petition do not concern whether the x-rays were performed, instead the allegations allege that the failure to perform them is negligence. These claims include material fact issues which require expert opinion, and are clearly within the contemplation of the Medical Malpractice Act.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.

. Buckley Van Br.eemen, D.C. was also named as a defendant in the original petition. However, plaintiffs claims against Breemen were later dismissed with prejudice.

. Dear attached a Certificate of Enrollment as an exhibit to his dilatory exception of prematurity, which certified that Dear was an enrollee under the Medical Malpractice Act for the period of December 18, 1983 to December 18, 1984.

. National Chiropractic Mutual Insurance Company (National), an insurer of Dear, was also named as a defendant. Plaintiff later amended his petition, alleging that National also insured Crossman.

. The amending and supplemental petition also amended the allegations regarding Crossman’s acts of negligence and malpractice.

. Crossman filed an answer to plaintiffs amending and supplemental petition. However, Cross-man was dismissed later from the suit, pursuant to a motion to dismiss filed by plaintiff.