653 So.2d 1167 (1995)
L. Steve MARLER
v.
Joseph PETTY, et al.
No. 94-CP-1851.
Supreme Court of Louisiana.
April 10, 1995.
*1168 L. Steve Marler, pro se.
Luz Maria Molina, New Orleans, for applicant.
Richard P. Ieyoub, Atty. Gen., Richard A. Sherburne, Jr., Baton Rouge, for respondent.
CHARLES R. LINDSAY, Justice Pro Tem.[1]
The plaintiff, L. Steve Marler, applied to this court for review of a decision by the First Circuit Court of Appeal, dismissing his tort suit on grounds that he filed his suit in the wrong venue and had not exhausted his *1169 administrative remedies. This court granted the plaintiff's writ application. For the following reasons, we affirm in part and reverse in part the judgments of the courts below.

FACTS
The plaintiff is a prisoner in the State Department of Corrections. On February 12, 1992, while incarcerated at the Washington Correctional Institute in Washington Parish, Louisiana, the plaintiff was allegedly attacked and injured by another inmate, Joseph Petty. The plaintiff alleges that while he was reading in the exercise yard of Washington Correctional Institute, Petty, unprovoked and without warning, attacked him with a broom or mop handle and administered a severe beating of approximately three minutes duration. The plaintiff claims that when he was able to escape from his attacker, he fled into the office of Lt. Ron Dixon. The plaintiff was taken to Charity Hospital in Bogalusa for treatment. The plaintiff claims that 12 days after the attack he was transferred to Hunt Correctional Center and 34 days after the attack he was transferred to the Louisiana State Penitentiary at Angola.
The plaintiff also claims that on June 20, 1992, he filed a "request for administrative remedy" arising from the assault. The request was denied on June 23, 1992 because it had not been filed within 30 days of the attack, as required by the administrative procedures set forth in LSA-R.S. 15:1171 et seq.
On February 5, 1993, the plaintiff filed a tort suit in the Twenty-Second Judicial District Court, Washington Parish. The plaintiff named as defendants Joseph Petty, the alleged attacker, and numerous prison officials including Thomas Joseph, Assistant Warden at Washington Correctional Institute, James Herron, Greg Slade, Terry Wood, Gary Crosby, Lester Mitchell, Tim Sheridan, Sammy Tynes, Ron Dixon and the Risk Management Corporation, the liability insurer of Washington Correctional Institute, its employees and the Department of Corrections of the State of Louisiana. The plaintiff alleged that the prison officials acted negligently in responding or failing to respond to the attack. The plaintiff also stated in his petition that he attempted to utilize the appropriate administrative remedies, but his complaint was rejected.
On March 10, 1993, the defendants, with the exception of Joseph Petty, filed exceptions of lack of subject matter jurisdiction and improper venue. They also asserted an exception of abandonment, arguing that the plaintiff failed to timely pursue his administrative remedies. The defendants argued that, according to the administrative procedures for asserting claims by inmates, the plaintiff was required to apply for an administrative remedy within 30 days of the alleged incident.
On June 10, 1993, the trial court ruled against the plaintiff finding that, after considering the statutory requirements of the Corrections Administrative Remedy Procedure, LSA-R.S. 15:1171, et seq., the plaintiff's suit was filed in an improper venue. The trial court judgment did not include rulings on the exceptions of lack of subject matter jurisdiction or abandonment. Upon finding that the plaintiff's suit was filed in the wrong venue, rather than transferring the case to the parish of proper venue, the trial court dismissed the plaintiff's suit, without prejudice.
The plaintiff appealed the trial court decision to the First Circuit Court of Appeal. In his appeal, the plaintiff contended that the trial court erred in finding that venue was governed by the Corrections Administrative Remedy Procedure rather than general tort principles, and that the trial court erred in failing to transfer the matter to a court of proper venue.
On May 12, 1994, in an unpublished per curiam decision, the First Circuit Court of Appeal affirmed the ruling of the trial court that the plaintiff's action was filed in an improper venue. LSA-R.S. 15:1177A. The appellate court then found that, although LSA-C.C.P. Art. 932 would allow plaintiff's suit to be transferred, because the plaintiff failed to pursue his administrative remedies in a timely manner, it would be meaningless to transfer the case to the proper venue. Accordingly, the trial court's judgment dismissing plaintiff's suit was affirmed.
*1170 The plaintiff then applied to this Court for review. The writ application was granted and counsel was appointed to represent the plaintiff.
Before this court, plaintiff contends that, upon finding that his case was filed in a court of improper venue, the trial and appellate courts erred in failing to transfer the case. In addition, for the first time, the plaintiff asserts that the provisions of LSA-R.S. 15:1171B and 1172B, requiring an inmate seeking money damages for tortious conduct to first exhaust prison administrative remedies before filing suit, is unconstitutional and is violative of the due process and the equal protection clauses of the United States and Louisiana Constitutions.
The plaintiff also argues that the provisions of the Louisiana Administrative Code and LSA-R.S. 15:1172A, requiring that an inmate file a claim against the state within 30 days of its occurrence as a prerequisite to further court action, is unconstitutional under the Equal Protection Clause of the United States and the Louisiana Constitutions. (The defendants filed a motion to strike the plaintiff's specifications of error which asserted the unconstitutionality of these statutes. The motion was referred to the merits.)
In the alternative, the plaintiff argues that an inmate seeking money damages for tortious conduct is not required to exhaust prison administrative remedies before seeking access to the courts, because the nature of the claim and the relief sought are exceptions to the doctrine of requiring exhaustion of administrative remedies.

VENUE
The appellate court correctly ruled that the present case was filed in an improper venue. The Corrections Administrative Remedy Procedure, set forth in LSA-R.S. 15:1171 et seq., provides that the Department of Public Safety and Corrections and each sheriff may adopt an administrative remedy procedure at each of their adult and juvenile institutions, including private prison facilities, in compliance with 42 U.S.Code 1997, the "Civil Rights of Institutionalized Persons Act" or "CRIPA" and Part 40 of Title 28, Code of Federal Regulations. The statute provides, in pertinent part:
B. The department or sheriff may also adopt, in accordance with the Administrative Procedure Act, [Footnote omitted.] administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor, or the department or any officials or employees thereof, or a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of the department, or a sheriff. Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes. Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows. All such procedures, including the adult and juvenile offender disciplinary process, promulgated and effective prior to June 30, 1989, shall be deemed to be the exclusive remedy for complaints and grievances to which they apply insofar as federal law allows.[2]
Administrative rules for asserting such claims were promulgated in the Louisiana Register, Volume 17, Number 1, January 20, 1991.
LSA-R.S. 15:1177 provides that any offender who is aggrieved by an adverse decision of the Department of Public Safety and Corrections may, within 30 days after receipt of the decision, seek judicial review of the decision. However, such review may be *1171 sought only in the Nineteenth Judicial District Court.[3]
The plaintiff's exclusive remedy rests in the Corrections Administrative Remedy Procedure and venue for an adverse decision of the Department of Public Safety and Corrections lies exclusively in the Nineteenth Judicial District Court. Accordingly, the district and appellate courts were correct in finding that plaintiff's suit, filed in the Twenty-Second Judicial District Court, was filed in an improper venue.[4]
LSA-C.C.P. Arts. 121 and 932 provide, in pertinent part, that if an action has been brought in a court of improper venue, the court may transfer the action to a proper court, in the interest of justice. The jurisprudential rule has evolved that when a plaintiff does not knowingly file suit in the wrong venue, transfer to the correct venue is proper. Said another way, when the plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, the case should be transferred to a court of proper venue pursuant to LSA-C.C.P. Art. 121. However, when the plaintiff knowingly files suit in the wrong venue, dismissal is proper. Bank of New Orleans and Trust Company v. Phillips, 415 So.2d 973 (La.App. 4th Cir.1982); Habig v. Popeye's, Inc., 553 So.2d 963 (La.App. 4th Cir.1989); Phillips Petroleum Company v. OKC Limited Partnership, 582 So.2d 351 (La.App. 4th Cir.1991). In the instant case, the defendants do not contend that the plaintiff knowingly filed suit in the wrong venue.
Based upon our review of the record, we conclude that this case should have been transferred to the proper venue of the Nineteenth Judicial District Court. Further, we find that the court of appeal erred in dismissing the case based upon the plaintiff's failure to properly assert his administrative remedies.
The record reveals that several exceptions were filed in the trial court, including abandonment as well as the assertion that the plaintiff had not properly exercised his administrative remedies and was therefore barred from filing suit.[5] The trial court did not rule on these exceptions, but only ruled that the action was filed in an improper venue. Where a case is filed in the wrong venue, the case should be transferred to the proper venue in order to avoid the possibility of a miscarriage of justice. Further, when other exceptions have not been ruled upon by the trial court, the trial court in the proper venue should first rule on the exceptions, not the appellate court. Surridge v. Benanti, 261 La. 282, 259 So.2d 324 (1972); Loop v. Collector of Revenue, 470 So.2d 112 (La. 1985). Therefore, under the facts of the present case, the appellate court erred in ruling on the exception of abandonment and dismissing the action, rather than transferring the case to the proper venue.

*1172 CONSTITUTIONAL ISSUES
In the plaintiff's brief to this court, he asserts that LSA-R.S. 15:1171B, 1172A, and 1172B, as well as the provisions of the Louisiana Administrative Code setting forth the procedures for assertion of claims by inmates, are unconstitutional. The defendants filed a motion to strike these specifications of error, arguing that the constitutional issues were neither raised nor litigated in the trial or appellate courts and therefore, the plaintiff is barred from asserting the unconstitutionality of the statutes in this court. The motion to strike was referred to the merits of the case.
It is well settled that an attack on the constitutionality of a statute must be specially pleaded in the trial court and may not be asserted for the first time on appeal. Chamberlain v. State, Through the Department of Transportation and Development, 624 So.2d 874 (La.1993); Taylor v. Giddens, 618 So.2d 834 (La.1993); Johnson v. Welsh, 334 So.2d 395 (La.1976).
In this case, the claimed unconstitutionality of the statutes was not specially pleaded in the trial court. Therefore, those issues are not properly before us for resolution at this time and accordingly, we will not consider the constitutional issues raised by the plaintiff.[6] Upon remand, these claims may be asserted in the trial court, if not otherwise barred.

CONCLUSION
For the reasons stated above, we affirm those portions of the lower court judgments finding that this case was filed in an improper venue. However, we reverse that portion of the judgments dismissing the case. We remand plaintiff's suit to the Twenty-Second Judicial District Court and order that the case be transferred to the proper venue in the Nineteenth Judicial District Court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
CALOGERO, C.J., dissents and assigns reasons.
CALOGERO, Chief Justice, dissenting.
The Twenty-Second Judicial District Court, Washington Parish, is a proper venue for plaintiff Marler's tort suit against the defendants. LSA-C.C.P. Art. 74. In my opinion, the majority opinion's view that "[t]he plaintiff's exclusive remedy rests in the Corrections Administrative Procedure [LSA-R.S. 15:1171 et seq]" is incorrect because the plain language of the Act itself makes it clear that the administrative remedies provided for therein are not "exclusive."[1] Rather, the Act creates an administrative remedy scheme which is collateral, and preconditional, to the maintenance of any tort suit filed by the plaintiff. The venue referred to in LSA-R.S. 15:1177(A) is merely the exclusive appellate venue for review of the Department's administrative determination, see La. Const. Art. V, § 16(B), and not the venue for tort suits arising out of the same incident which is the subject of the Department's administrative action. I simply do not believe that the legislature intended by this statute to make the Nineteenth Judicial District, East Baton Rouge Parish, the exclusive venue for all tort suits filed by prisoners against prison officials statewide.
*1173 While I feel that this Court should determine whether the plaintiff's failure to timely pursue his administrative remedies would render a dilatory exception of prematurity[2] or a peremptory exception of prescription by the defendants meritorious, I do not agree that venue is improper. Accordingly, I would address the question which we granted writ to answer in this case, namely whether the Act allows this plaintiff to maintain his tort suit despite his failure to timely seek administrative remedies and, if so, whether that result is a constitutional one.
For these reasons, I respectfully dissent.
NOTES
[1] Judge Charles R. Lindsay of the Court of Appeal. Second Circuit, sitting by assignment in the place of Justice James L. Dennis. Pursuant to Rule IV, Part 2, § 3, Justice Victory was not on the panel that heard and decided this case. State v. Barras, 615 So.2d 285, 286 n. 1 (1993).
[2] This statute was amended by Acts 1993, No 871, § 1, which became effective after the date of the alleged attack upon the plaintiff. Therefore, the statute in effect at the time of the alleged incident is cited in this opinion.
[3] Several cases decided by the appellate courts have dealt with the Corrections Administrative Remedy Procedure, however they did not discuss the issue of venue. See Bellard v. Louisiana Correctional and Industrial School, 93-545 (La. App. 3d Cir. 12/14/94), 647 So.2d 1237; Bumgarden v. Wackenhut Corrections Corporation, 93-1349 (La.App. 3d Cir. 9/21/94), 645 So.2d 655; Marler v. Day, 94-0104 (La.App. 1st Cir. 11/10/94), 645 So.2d 1237.
[4] The alleged attacker, Joseph Petty, is also a defendant in this case. Because LSA-R.S. 15:1171 et seq. provides the exclusive remedy against the state, governor or the Department of Public Safety and Corrections and its employees, and provides the exclusive venue for review of adverse decisions by the Department of Public Safety and Corrections, the joinder of Petty does not make venue proper in Washington Parish. In an action against the Department of Public Safety and Corrections, and the other persons named in the statute, in which other solidary obligors are joined, the venue as to all is in the Nineteenth Judicial District Court by virtue of the exclusive venue provisions of LSA-R.S. 15:1171 et seq.
[5] No exception of prescription or peremption was filed in the courts below. We note that in affirming the dismissal, the First Circuit Court of Appeal did not base its decision on peremption, see Carter v. Lynn, 93-1583 (La.App. 1st Cir. 5/20/94), 637 So.2d 690, or make a finding that there was no cause of action. In the instant case, these issues have not been presented or ruled upon in the courts below. Considering the state of the present record, we decline to reach those issues at this juncture of the proceedings. The trial court should decide such exceptions if they are asserted. Loop v. Collector of Revenue, infra.
[6] In his specifications of error, the plaintiff asserts, in the alternative, that an inmate seeking monetary damages for tortious conduct is not required to exhaust prison administrative remedies before seeking access to the courts. Because we find that this case should be remanded to the trial court in the appropriate venue for further proceedings, this specification of error is not considered.
[1] LSA-R.S. 15:1177(B) provides that "[t]he time period within which any suit must be instituted arising out of any complaint or grievance filed under the provisions of this Part shall be suspended upon the filing of such complaint or grievance and shall continue to be suspended until the decision rendered under the provisions of this Part is final." Clearly this provision contemplates the existence of both an administrative and a judicial remedy, and posits only that a complainant may not proceed in the latter until proceedings in the former have reached a point of finality. I note that insofar as LSA-R.S. 15:1177(A) may be read to divest the district court of its original jurisdiction over the plaintiff's tort suit, that statute is unconstitutional under our holding in Moore v. Roemer, 567 So.2d 75 (La.1990).
[2] Compare Brister v. Southwest Louisiana Hosp. Ass'n, 624 So.2d 970 (La.App. 3 Cir.1993) (dilatory exception of prematurity maintained due to failure of medical malpractice plaintiff to submit claim to medical review panel); Lewis v. Crossman, 582 So.2d 991 (La.App. 1 Cir.1991) (same; Benedict v. Kearby, 537 So.2d 870 (La.App. 5 Cir.1989) (same).