661 So.2d 430 (1995)
Kevin BELLARD
v.
LOUISIANA CORRECTIONAL & INDUSTRIAL SCHOOL, et al.
No. 95-C-0157.
Supreme Court of Louisiana.
October 16, 1995.
*431 Eric Miller, Luling, for Applicant.
Michael G. Hodgkins, Woodley, Williams, Fenet, Boudreau, Norman & Brown, Lake Charles; Richard P. Ieyoub, Attorney General, for Respondent.
WATSON, Justice.[1]
A writ was granted to consider a constitutional issue: do the administrative procedures authorized by LSA-R.S. 15:1171 et seq., violate a prison inmate's constitutional right to file a district court tort suit against the State (and prison officials). Because the constitutional issue was not raised in the district court, it will not be considered. Since the district court erred in failing to maintain an exception of improper venue and to transfer the remaining issues to a court of proper venue, this Court reverses and remands with order.

FACTS
In June 1991, Kevin Bellard, an inmate at the Louisiana Correctional & Industrial School (LCIS), claimed he injured his knee falling from his top bunk. On March 20, 1992, while shackled, Bellard said he reinjured the same knee entering a prison van. On April 15, 1992, Bellard filed a petition in the 14th Judicial District Court seeking monetary damages against LCIS, its warden, and the State for negligently failing to protect him from injury. On plaintiff's venue motion, the case was transferred to the 36th Judicial District Court.
The defendants responded with exceptions of improper venue, lack of subject matter jurisdiction, no right of action, no cause of action, and abandonment. Because the Corrections Administrative Remedy Procedure, LSA-R.S. 15:1171 et seq., requires an exhaustion of administrative procedures before inmates may file a tort suit, defendants argued that Bellard had no right to sue. Defendants also argued the statutes mandated venue in the 19th Judicial District Court.
The trial court held that the sole avenue for redress of prisoner tort grievances was the procedures authorized by LSA-R.S. 15:1171 et seq. By not timely pursuing administrative remedies, Bellard had forfeited his claim. The district court dismissed Bellard's suit with prejudice. The court of appeal affirmed in a 3-2 opinion. 93-545 (La. App. 3 Cir. 12/14/94), 647 So.2d 1237. A writ was granted to consider the issue. 95-0157 (La. 6/2/95), 654 So.2d 1096.
In brief, Bellard argues that the administrative procedures unconstitutionally limit and restrict inmate plaintiffs' access to the courts, contrary to La.Const. art. I, § 22. Bellard further claims he was denied notice of a 1989 statutory amendment which required inmates to exhaust administrative remedies prior to filing tort suits against the state and its employees in district court. Defendants' motion to strike the unconstitutionality specification of error was referred to the merits.

LAW AND DISCUSSION
This Court recently reviewed these statutes in a case raising the same issues. Marler v. Petty, 94-1851 (La. 4/10/95), 653 So.2d 1167, found the Corrections Administrative Remedy Procedure, LSA-R.S. 15:1171 et seq., was the plaintiff's exclusive remedy for an inmate tort claim and that venue for appeal of an adverse decision lies *432 exclusively in the 19th Judicial District Court. Id., 94-1851, p. 5; 653 So.2d at 1171. The trial court should have transferred Marler to the proper venue of the 19th Judicial District Court. LSA-C.C.P. arts. 121[2] and 932[3]. Since the unconstitutionality of the statutes was not pleaded in the trial court, that issue was not considered in Marler. Thus, no constitutional analysis was performed in Marler; the statutes were presumed constitutional. In re Pitre, 93-2322 (La. 1/14/94); 630 So.2d 700; State in Interest of J.A.V., 558 So.2d 214 (La.1990). Marler noted that the constitutional issue could be asserted on remand in the trial court.
The same result is required here. Bellard's suit will be remanded and transferred to the 19th Judicial District Court. See Porter v. State, Department of Public Safety and Corrections, 95-0867 (La. 5/12/95), 654 So.2d 344. All remaining exceptions may then be acted upon in a district court of proper venue in the interests of justice. LSA-C.C.P. art. 932; Marler v. Petty, 94-1851, p. 7, 653 So.2d at 1171; Loop, Inc. v. Collector of Revenue, 470 So.2d 112 (La.1985); Surridge v. Benanti, 261 La. 282, 259 So.2d 324 (1972).
As in Marler, the constitutional issue was not raised in the district court and is not properly before us for resolution at this time. The law is well settled that an attack on a statute's constitutionality must be pleaded in the trial court and may not be asserted for the first time on appeal. Marler v. Petty; Chamberlain v. State, through the Department of Transportation and Development, 624 So.2d 874 (La.1993); Taylor v. Giddens, 618 So.2d 834 (La.1993). Thus, this Court will not consider this issue. Bellard may assert this argument to the district court on remand.

CONCLUSION
For the foregoing reasons, the district court's ruling on exceptions other than the exception of improper venue is reversed. We remand plaintiff's suit to the 36th Judicial District Court and order that the case be transferred to the 19th Judicial District Court for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
LEMMON, J., concurs and assigns reasons.
NOTES
[1] Judge Ned E. Doucet, Jr., Court of Appeal, Third Circuit, sitting by assignment in place of Justice James L. Dennis. Calogero, C.J., not on panel. Rule IV, § 3.
[2] LSA-C.C.P. art. 121 provides:

When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue.
[3] LSA-C.C.P. art. 932 provides:

When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.