| iPETERS, Judge.
The plaintiff, Issac Washington, brought this suit against the State of Louisiana through the Secretary of the Department of Public Safety and Corrections (sometimes referred to hereinafter as the “state” or the “department”) to recover damages he allegedly sustained in an accident on July 12, 1995, at the Avoyelles Correctional Center in Cottonport, Avoyelles Parish, Louisiana. In response to this suit, the state filed exceptions of lack of subject matter jurisdiction, improper venue, prematurity, and failure to timely seek judicial review pursuant to La. R.S. 15:1177(A). After hearing, the trial court rejected the exceptions of lack of subject matter jurisdiction, improper venue, and prematurity. The trial court did not rule on the final exception. The state has applied to this court for review of the trial court’s dismissal of its exceptions.
ftlssac Washington claims he sustained an injury on July 12,1995, while incarcerated at the Avoyelles Correctional Center. On August 18, 1995, he sought relief under the Corrections Administrative Remedy Procedure Act (ARP), La.R.S. 15:1171 et seq. That review was rejected as being untimely filed. He pursued no further administrative remedies while he was incarcerated.
On October 23, 1995, Washington was paroled and released from custody. On July 10, 1996, he filed this suit in the Twelfth Judicial District Court, Parish of Avoyelles, to recover damages for the July 12, 1995 injury. In response, the state filed the aforementioned exceptions. The trial court, with Judge Angelo J. Piazza III presiding, initially denied the exceptions that are the subject of this review. A rehearing was granted, and after a rehearing with Judge William J. Bennett presiding, the trial court again denied the exceptions. The state then sought supervisory writs, asking this court to review the trial court’s decision. In its application, the state asserts that the trial court erred in its rulings by failing to find that the administrative remedy procedure adopted by the state pursuant to the provisions of the ARP is applicable to this case.
The authority of the Department of Public Safety and Corrections to adopt an administrative remedy procedure at its prison institutions is found in La.R.S. 15:1171(B). That statute provides in part that the department is authorized to
adopt, in accordance with the Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and dis *351 posing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof ... which arise while an offender is within the custody or under the supervision of the department....
La.R.S. 15:1171(B) (footnote omitted).
Importantly, complaints and grievances related to personal injuries were included | .-¡within the claims anticipated to be covered by the administrative procedure. Id. Further, the statute contemplated that “[s]uch administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows.” Id. (emphasis added). The state adopted an administrative remedy procedure which was published in the Louisiana Register as required by La.R.S. 15:1173. 17 La. Reg.- No. 1, p. 70 (1/20/91). The procedure found in the Louisiana Register, together with the remaining provisions of the ARP, comprise the procedure to be applied to an inmate complaint or grievance.
Concerning the procedure’s relation to any court action, La.R.S. 15:1177(A) provides in part that “[a]ny offender who is aggrieved by an adverse decision by the Department of Public Safety and Corrections ... rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court_” (Emphasis added). Additionally, La.R.S. 15:1172(B) provides in part as follows:
No state court shall entertain an offender’s grievance or complaint which falls under the purview of the administrative remedy procedure unless and until the offender shall have exhausted the remedies as provided in said procedure. If the offender has failed timely to pursue administrative remedies through this procedure, any petition he files shall be dismissed.
(Emphasis added).
When the ARP refers to an “offender,” it is referring to “an adult or juvenile offender in the physical custody of the Department of Public Safety and Corrections or a sheriff.” La.R.S. 15:1174(2).
Thus, the state has put in place a procedure for handling major and minor I complaints and grievances of inmates in its prisons. The issue presented to this court by the trial court’s rulings on the exceptions concerns the relationship of the ARP remedies to the remedies available to others claiming injury, but only insofar as the. relationship relates to the situs of the litigation.
In rejecting -the state’s exceptions, the trial court relied on this court’s holding in Bumgarden v. Wackenhut Corrections Corp., 93-1349, p. 7 (La.App. 3 Cir. 9/21/94); 645 So.2d 655, 658, writ denied, 95-0156 (La.6/2/95); 654 So.2d 1102, to the effect that La.R.S. 15:1171, et seq., “does not apply to suits brought by a plaintiff not in custody, regardless of whether the cause of action arose while the plaintiff was in custody.” In Bumgarden, the plaintiff was injured while incarcerated at a privately-operated prison facility in Allen Parish. He pursued no administrative remedy, and only after his release from prison did he file suit in Allen Parish to recover for his injuries. The trial court dismissed his suit, finding that he failed to exhaust his administrative remedies and that the only proper jurisdiction to seek review of an ARP decision was the Nineteenth Judicial District. The plaintiff appealed contending that the ARP did not apply to a prisoner incarcerated in a private prison.[1] This appellate court reversed the trial court, but on other grounds. We concluded that, based on the definition of “offender” in La. R.S. 15:1174(2), the ARP did not apply to an individual who was injured while an inmate but who began his action to recover damages after his release from custody. We do not have to determine whether the holding in Bumgarden was an erroneous interpretation of La.R.S. 15:1171, et seq., as suggested by the state, because we find that it is distinguishable from the case at bar. In the case *352 at bar, unlike the plaintiff in Bumgarden, Washington instituted an administrative | .¡action while in custody but did not follow up on his denial of relief. Rather, the case at bar is similar to Marler v. Petty, 94-1851 (La.4/10/95); 653 So.2d 1167, in which the supreme court transferred the case to the Nineteenth Judicial District.
In Marler, the plaintiff claimed he was injured while incarcerated at the Washington Correctional Institute in Washington Parish, Louisiana. The plaintiff’s request for administrative remedy was rejected because it had not been filed within thirty days of his injury. Approximately seven months later, he filed a tort suit in the Twenty-Second Judicial District Court, Washington Parish. Certain defendants filed exceptions of lack of subject matter jurisdiction, improper venue, and abandonment for failure to timely pursue administrative remedies. The trial court found that the matter was filed in an improper venue and dismissed the suit rather than transferring it to a court of proper venue. The trial court did not include a ruling on the exceptions of lack of subject matter jurisdiction or abandonment. The appellate court affirmed the trial court’s decision that the action was filed in an improper venue. The appellate court also found that because the plaintiff had failed to exhaust his administrative remedies in a timely manner, it would be meaningless to transfer the case to a court of proper venue. While agreeing that the suit was filed in a court of improper venue, the supreme court found that the matter should have been transferred to the proper venue of the Nineteenth Judicial District Court to allow that court to address the remaining exceptions. See also Bellard v. Louisiana Correctional & Indus. Sch., 95-0157 (La. 10/16/95); 661 So.2d 430. In doing so, the supreme court stated:
LSA-C.C.P. Arts. 121 and 932 provide, in pertinent part, that if an action has been brought in a court of improper venue, the court may transfer the action to a proper court, in the interest of justice. The jurisprudential rule has evolved that when a plaintiff does not knowingly file suit in the wrong venue, transfer to the correct venue is proper. Said another way, when the plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and [ ^erroneously files suit in the wrong venue, the ease should be transferred to a court of proper venue pursuant to LSA-C.C.P. Art. 121. However, when the plaintiff knowingly files suit in the wrong venue, dismissal is proper.
Marler, 653 So.2d at 1171.
Chief Justice Calogero dissented in Marler, based on his interpretation of La.R.S. 15:1177(B), which was later repealed by Acts 1993, No. 871, § 3. That provision previously read:
The time period within which any suit must be instituted arising out of any complaint or grievance filed under the provisions of this Part shall be suspended upon the filing of such complaint or grievance and shall continue to be suspended until the decision rendered under the provisions of this Part is final.
(Emphasis added).
Relying on La.R.S. 15:1177(B), Chief Justice Calogero concluded that “the majority opinion’s view that ‘[t]he plaintiffs exclusive remedy rests in the Corrections Administrative Procedure [LSA-R.S. 15:1171 et seq ]’ is incorrect because the plain language of the Act itself makes it clear that the administrative remedies provided for therein are not ‘exclusive.’ ” Marler, 653 So.2d at 1172. He was of the opinion that the legislature did not intend to make the Nineteenth Judicial District the exclusive venue for all tort suits filed by prisoners against prison officials across the state. In summary, he stated: “I would address the question which we granted writ to answer in this case, namely whether the Act allows this plaintiff to maintain his tort suit despite his failure to timely seek administrative remedies and, if so, whether that result is a constitutional one.” Id. at 1173.
The issues Chief Justice Calogero wished to address have yet to be considered. Without question, but for Washington’s status as an “offender” and the existence of the ARP, venue would be appropriate in Avoyelles Parish pursuant to La.Code Civ.P. art. |774. Additionally, it is equally clear that the Twelfth Judicial District Court would have subject *353 matter jurisdiction pursuant to La.Code Civ.P. art. 2. At the time the claims of Bum-garden and Marler arose, the ARP specifically contemplated the possibility of a suit being filed after an adverse administrative decision, and it even suspended the running of prescription until a final administrative decision. See La.R.S. 15:1177(B) (repealed 1993). While the administrative remedy may be exclusive in some instances, it is the exclusive remedy only “insofar as federal law allows.” La.R.S. 15:1171(B). In other words, the exclusive nature of the remedy is subject to constitutional safeguards, including equal protection and due process rights.
Despite this apparent reservation of the right to pursue a judicial remedy, at the time the claims of Bumgarden and Marler arose, the ARP also provided that the penalty for failure to follow the administrative process was dismissal of the petition. La.R.S. 15:1172(B). Thus, an offender whose claim was denied on the merits in the administrative process could pursue his claim in court, while one who did not file' an administrative claim had no judicial remedy. It is not clear what result would have been mandated for one who, like Washington, attempted to pursue his administrative remedy but was rejected at the administrative level for reasons other than a decision on the merits. These same procedural issues were present at the time Washington’s claim arose except that La.R.S. 15:1177(B) had been repealed, making the individual rights of a plaintiff in the overall scheme of the ARP even less clear.
In resolving the venue issue before us, we are constrained to follow the guidance of the supreme court and its decision in Marler. In doing so, we conclude that once an offender begins the administrative process, any later action, be it administrative review or initial judicial action, must be filed in the Nineteenth Judicial District. Thus, pursuant to Marler, we hold that the Twelfth Judicial District Court was not the proper | gvenue for these proceedings. Therefore, we reverse the trial court’s dismissal of the exception of improper venue. Additionally, we vacate the rulings on the exceptions of lack of subject matter jurisdiction and prematurity since the trial court had no authority to rule on those matters, and we remand the suit to the Twelfth Judicial District Court with instructions to transfer the case to the proper venue in the Nineteenth Judicial District Court for further proceedings. Concerning the state’s exception of failure to timely seek judicial review, “when other exceptions have not been ruled upon by the trial court, the trial court in the proper venue should first rule on the exceptions, not the appellate court.” Marler, 653 So.2d at 1171.
DISPOSITION
For the foregoing reasons, we reverse the trial court’s finding that this matter was filed in a proper venue. We vacate the trial court’s dismissal of the exceptions of lack of subject matter jurisdiction and prematurity. We remand the plaintiffs suit to the Twelfth Judicial District Court and order that the case be transferred to the proper venue in the Nineteenth Judicial District Court for further proceedings. We assess costs of this appeal to Issac Washington.
REVERSED IN PART; VACATED IN PART; AND REMANDED WITH INSTRUCTIONS.

. La.R.S. 15:1171, et seq., has since been amended to specifically provide for application to privately-run prisons.