JiPETERS, J.
This case involves the interpretation of the jurisdictional aspects of the Corrections Administrative Remedy Procedure Act (ARP), La.R.S. 15:1171 et seq.
DISCUSSION OF THE RECORD
In August of 1991, while Curtis Gongre was on probation in connection with a conviction for distribution of marijuana, he was allegedly found in possession of a firearm in violation of his probation. Gongre’s probation was revoked, and he was taken into custody. However, this court granted Gongre’s writ and reversed the trial court’s revocation judgment.[1]
On May 3, 1993, Gongre and his wife, Fonda, filed suit against the State of Louisiana for damages arising out of the improper revocation of Gongre’s probation. The state answered the petition and filed exceptions of lack of subject matter jurisdiction, prematurity, and prescription. The trial court found that it lacked subject matter jurisdiction over the case because the Gongres failed to exhaust the 12administrative remedies available to them under the ARP and transferred the matter to the Nineteenth Judicial District Court. The Gongres appeal, arguing that the trial court erred in applying the ARP to him because he had been released from custody at the time he filed suit.
OPINION
The ARP provides in pertinent part in La.R.S. 15:1171:
A. The Department of Public Safety and Corrections and each sheriff may adopt an administrative remedy procedure at each of their adult and juvenile institutions, including private prison facilities, in compliance with 42 United States Code 1997, the “Civil Rights of Institutionalized Persons Act”, or CRIPA, and Part 40 of Title 28, Code of Federal Regulations.
B. The department or sheriff may also adopt, in accordance unth the Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof, the contractor operating a private prison facility or any of its employees, shareholders, directors, officers, or agents, or a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of the department, a contractor operating a private prison facility, or a sheriff Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, reg *414 ulations, policies, or statutes. Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows. All such procedures, including the adult and juvenile offender disciplinary process, promulgated and effective prior to June 30, 1989, shall be deemed to be the exclusive remedy for complaints and grievances to which they apply insofar as federal law allows.
(Footnote omitted) (emphasis added).
Under La.R.S. 15:1177(A), “[a]ny offender who is aggrieved by an adverse decision by the Department of Public Safety and Corrections ... rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after | .«¡receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court_” (Emphasis added).
Additionally, La.R.S. 15:1172 provides in part:
A. Upon approval of the administrative remedy procedure by a federal court, as authorized and required by 42 USC 1997(C)(2), or as otherwise authorized by law, and the implementation of the procedure within the department or by the sheriff, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action they may claim to have against the state of Louisiana, the Department of Public Safety and Corrections, or its employees, the contractor operating a private prison facility or any of its employees, shareholders, directors, or officers, or a sheriff, or his employees or deputies.
B. No state court shall entertain an offender’s grievance or complaint which falls under the purview of the administrative remedy procedure unless and until the offender shall have exhausted the remedies as provided in said procedure. If the offender has failed timely to pursue administrative remedies through this procedure, any petition he files shall be dismissed. If at the time the petition is filed the administrative remedy process has not yet been completed, the court shall stay the proceedings for ninety days to allow for completion of the procedure and exhaustion of the remedies thereunder.
(Footnote omitted) (emphasis added).
The instant case is another in a line of cases interpreting the ARP. In Bumgarden v. Wackenhut Corrections Corp., 93-1349 (La.App. 3 Cir. 9/21/94); 645 So.2d 655, writ denied, 95-0156 (La.6/2/95); 654 So.2d 1102, the plaintiff brought a personal injury suit after he was released from prison for injuries sustained while he was incarcerated. At that time, the ARP was applicable to “offenders,” which term was defined as “an adult or juvenile offender in the physical custody of the Department of Public Safety and Corrections or a sheriff.” La.R.S. 15:1174(2) (emphasis added). The third circuit interpreted the ARP as not applying “to suits brought by a plaintiff not in custody, regardless of whether the cause of action arose while the plaintiff was in custody.” Bumgarden, 645 So.2d at 658.
Initially, we note that Bumgarden is distinguishable because in the instant case, 14even though Gongre was released from custody, he remained on probation for his prior convictions. Thus, he was still “under the supervision” of the state, which fits the requirements for La.R.S. 15:1171(B). Additionally, since Bumgarden was decided, La. R.S. 15:1174(2) was amended by Acts 1997, No. 575, § 1 to provide:
“Offender” means an adult or juvenile offender who is in the physical or legal custody of the Department of Public Safety and Corrections, a contractor operating a private prison facility, or a sheriff when the basis for the complaint or grievance arises. Any subsequent event, including posttrial judicial action or release from custody, shall not affect status as an “offender” for the purposes of this Part.
(Emphasis added).
This amendment seems to have overruled Bumgarden by redefining the term “offender.” Further, Acts 1997, No. 575, § 1 amended La.R.S. 15:1171 to add Subsection D, which provides:
For the purposes of this Part, status as an “offender” is determined as of the time *415 the basis for a complaint or grievance arises. Subsequent events, including post-trial judicial action or release from custody, shall not affect status as an “offender” for the purposes of this Part.
We note with interest that the amendment to La.R.S. 15:1174(2) and La.R.S. 15:1171(D) would require application of the ARP. Under the amendment to these statutes, any subsequent release from custody would not affect Gongre’s status as an “offender.”
However, we need not consider the application of the amendments to this case because we find that the supreme court’s decision in Marler v. Petty, 94-1851 (La.4/10/95); 653 So.2d 1167, is controlling. In Marler, the plaintiff allegedly was injured while incarcerated, and he filed a request for administrative remedy in connection therewith while he was still incarcerated. However, the request was denied because it had not been filed within thirty days of the incident as required by the ARP. Subsequently, within a year of the alleged injury and apparently while still 15incarcerated, the plaintiff filed suit in the Twenty-Second Judicial District Court. The suit was met with exceptions of lack of subject matter jurisdiction, improper venue, and abandonment for failure to timely pursue administrative remedies. The supreme court agreed with the lower courts that the suit had been filed in a court of improper venue, but, unlike the lower courts, found that the matter should have been transferred to the proper venue of the Nineteenth Judicial District Court to allow that court to address the remaining exceptions.
Recently, the third circuit, relying on Mar-ler, applied the ARP in the case of Washington v. Secretary, Department of Public Safety & Corrections, 97-75 (La.App. 3 Cir. 12/10/97); 704 So.2d 349. In Washington, the plaintiff claimed he was injured while incarcerated. Unlike the plaintiff in Bum-garden, the plaintiff in Washington sought relief under the ARP while he was in custody, but his request for relief was denied because it was filed more than thirty days after the alleged injury. The plaintiff was subsequently released from custody. Following his release, and within one year of the alleged injury, he filed suit for damages in the Twelfth Judicial. District Court. The third circuit, constrained by the dictates of Marler, concluded that “once an offender begins the administrative process, any later action, be it administrative review or initial judicial action, must be filed in the Nineteenth Judicial District.” Id. at 353. Therefore, the third circuit remanded the suit to the Twelfth Judicial District Court with instructions to transfer the case to the proper venue in the Nineteenth Judicial District Court for further proceedings.
We hold that Marler requires a finding that the Thirty-Fifth Judicial District Court was not the proper venue for the proceedings and that the trial court was correct in transferring the case to the Nineteenth Judicial District Court. Because the proper venue is in the Nineteenth Judicial District Court, we, decline to address the state’s ^argument that one-year prescription has run on the tort claim as well.
AFFIRMED.
DOUCET, C.J., dissents and assigns written reasons.
PICKETT, J., dissents.

. State v. Gongre, 92-456 (La.App. 3 Cir. 7/2/92).