11 SULLIVAN, Judge.
On June 4, 2001, Billy Alvarado sued two Rapides Parish sheriffs deputies, Todd Poche and David Netherland, in Pineville City Court, alleging that they wrongfully arrested him on June 29, 2000. After filing an answer on June 22, 2001, Defendants filed an exception of lack of subject matter jurisdiction on August 22, 2001. On September 28, 2001, the trial court signed a judgment sustaining the exception and dismissing Plaintiffs suit. On appeal, Plaintiff argues that the trial court erred in sustaining the exception and, alternatively, that it should have permitted him to amend his petition or should have transferred the case to district court.
Subject Matter Jurisdiction
In his petition for damages, Plaintiff included the following allegations:
II.
On or about the 29th of June, 2000, your Petitioner, BILLY R. ALVARADO, was wrongfully and unlawfully arrested and detained against his will by your Defendants, TODD POCHE and DAVID NETHERLAND, while he was on the premises of the Rapides Parish Sheriff Department’s Sub-Station located in Tioga, Louisiana. Petitioner was charged with disturbing the peace and reckless operation of a motor vehicle, with no probable cause for such arrest, and without any complaint being filed by any citizen.
III.
Petitioner shows that the aforementioned false arrest were [sic] intentional *1152 ly made for abusive and unlawful purposes on the parts of the Defendants.
IV.
Petitioner further shows that his rights of equal protection under the law, and for due process of the law, under the Louisiana Constitution were denied unto him by this abusive and -unwarranted arrest and detention, and that other persons on the scene engaged in the same conduct, but were not so detained.
Defendants excepted to subject matter jurisdiction based upon two provisions of La.Code Civ.P. art. 4847. That article states in part:
A. Except as otherwise provided by law, a parish court or city court has no jurisdiction in any of the following cases or proceedings:
_k- • • •
(3) A case in which the plaintiff asserts civil or political rights under the federal or state constitutions.
[[Image here]]
(6) A case in which the state, or a parish, municipal, or other political corporation is a defendant.
After a hearing, the trial court sustained the exception based upon Article 4847(A)(3), finding that, under paragraph IV of his petition, Plaintiff was asserting the violation of a constitutional right. The trial court did not reach the merits of the exception as to subparagraph (A)(6) of Article 4847.
Plaintiff argues that, notwithstanding the alleged constitutional violations in paragraph IV of his petition, he has stated a cause of action in paragraph II for the tort of false arrest and/or false imprisonment. Defendants respond that any suit for false arrest against a deputy or a police officer mandates consideration of our federal and state constitutions.
Although state law does recognize the tort of false arrest, we have not found any such case against a sheriffs deputy or a police officer that was decided in a city or parish court. La.R.S. 13:5104(B) provides:
All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
(Emphasis added.) Under La.R.S. 13:5102(B), the sheriff is considered a political subdivision. Defendants are employees of that political subdivision, and the instant suit is based upon Defendants’ actions within the course and scope of that ^employment. Although La.R.S. 13:5104 is entitled “Venue,” we find that it also has a jurisdictional component by mandating that suits governed by it be filed in district court. Accordingly, in addition to the reasons stated by the trial court, we find Defendants’ exception to subject matter jurisdiction was properly sustained under La.Code Civ.P. art. 4847(A)(6) and La.R.S. 13:6104(B).
Amendment or Transfer
La.Code Civ.P. art. 932 provides:
When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such *1153 removal, the action shall be dismissed; except that if it has been brought in a-court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.
(Emphasis added.)
We find no error in the trial court’s failure to allow Plaintiff to amend his petition, as the grounds of Defendants’ exception to subject matter jurisdiction cannot be removed in this case. Although the second paragraph of Article 932 permits the trial court to transfer a case brought in a court of improper venue or jurisdiction to a proper court “in the interest of justice,” it does not elaborate on the circumstances that would permit such a transfer. However, in cases involving improper venue, a jurisprudential rule has developed that “unless the plaintiff has knowingly filed suit in the wrong venue, then the case should be transferred rather than dismissed.” Green v. Alaska Nat’l Ins. Co., 99-2844, p. 6 (La.App. 4 Cir. 3/29/00); 759 So.2d 165, 169, writ denied, 00-1217 (La.6/2/00); 763 So.2d 606 (citing Marler v. Petty, 94-1851 (La.4/10/95); 653 So.2d 1167).
LDefendants contend that the rule of Marler, although based upon venue, should be applied to jurisdictional issues as well and that, in the present case, Plaintiff did knowingly file suit in the wrong jurisdiction. Defendants point to Plaintiffs counsel’s statement during argument that his client “would like to avoid the possible favoritism, biasness [sic] or pressure he may encounter had he brought this suit into state district court, which is in the same building with [the Sheriff], of course.”
Although we find Defendants’ arguments persuasive, we are unaware of any jurisprudence applying the rule of Marler to cases in which a suit is filed in a court of improper jurisdiction. In such cases, the courts have generally permitted a transfer without discussion, or as in Starr v. Ackor, 482 So.2d 4 (La.App. 5 Cir.1985), ordered a remand for a determination of whether the interest of justice supported a transfer. In the present case, we find the approach of Starr to be correct, in light of the trial court’s failure to address whether a transfer is appropriate. Accordingly, we will remand the case for the trial court to determine whether the interest of justice will be served by a transfer to district court as provided in La.Code Civ.P. art. 932.
Decree
For the above reasons, the judgment of the trial court sustaining Defendants’ exception of lack of subject matter jurisdiction is affirmed, but the case is remanded for a determination of whether a transfer to district court would serve the interest of justice as provided in La.Civ.Code art. 932.
AFFIRMED AS AMENDED AND REMANDED.