Ii ARMSTRONG, J.
The dispositive issue of these consolidated writ applications is whether the trial court erred by ordering transfers to proper venues as opposed to dismissing for improper venue. We find the trial court did have authority to transfer rather than dismiss and did not abuse its discretion by doing so.
This case has both plaintiff and defendant classes. The plaintiff class consists of persons allegedly infected with Hepatitis C allegedly as a result of blood transfusions. The defendant class consists of hospitals that provided blood transfusions to the members of the plaintiff class. Included among the defendant class representatives are a number of hospital service districts that operate public hospitals in various parishes.
Various of the hospital service districts excepted to venue on the ground that suit was filed in Orleans Parish, that they are located in parishes other than Orleans, and that, statutorily, the only proper venue for a suit against a hospital service district is the parish where it is located. The plaintiffs opposed the venue exceptions on the ground that, in the case of a defendant class, venue is proper as Rto the entire defendant class wherever it is proper as to *60 any member of the defendant class. The trial court agreed with the plaintiffs and overruled the venue exceptions. On previous consolidated writ applications, another panel of this court reversed the trial court, maintained the venue exceptions, and, importantly to the present consolidated writ applications, ordered: “This case is remanded to the trial court to determine whether the actions against the relators should be dismissed, or whether those actions should be transferred to the courts of proper venue.” Garrison v. St. Charles General Hospital, et al., 2001-C-1294 c/w 2001-C-131 c/w 2001-C-1312 c/w 2001-C-1523 (La.App. 4 Cir. 01/10/2002).
The decision on the previous consolidated writ applications clearly provides that the trial court had authority and discretion to decide whether to transfer or dismiss. Thus, it is “the law of the case” that the trial court had authority and discretion to decide whether to transfer or to dismiss. E.g., Tsatsoulis v. City of New Orleans, 99-2544 (La.App. 4 08/30/2000), 769 So.2d 137, writ dismissed, 2001-0684 (La.05/04/2001), 791 So.2d 647. In the absence of patent error or manifest injustice, once an issue is determined upon an appeal or writ application, we will not revisit that issue upon a subsequent appeal or writ application. Id.
As to whether or not the trial court was properly given authority and discretion to decide whether to transfer or to dismiss, there is at least no patent error. The trial court normally has discretion to transfer rather than dismiss “in the interests of justice.” La.Code Civ. Proc. arts. 121,932. Further, unless the action |3was knowingly filed in the wrong venue, the case should be transferred rather than dismissed. Marler v. Petty, 94-1851 (La.04/10/95), 653 So.2d 1167.
In the present case, dismissal, rather than transfer, might result in claims being prescribed. It is certainly in the interests of justice to transfer rather than dismiss when dismissal might cause claims to be lost through prescription and, thus, to never be considered on the merits. Of course, in the present decision, we express no opinion as to the prescription issue.
Also, in view of the fact that the plaintiffs prevailed in the trial court as to the venue issue, and that the venue exceptions were maintained only on writ applications, it cannot be said that the plaintiffs knowingly filed suit in the wrong venue. Further, a review of the decision on the previous consolidated writ applications shows that there was a fair issue to be determined as to whether venue was proper. Under Marler, the trial court quite properly decided to transfer rather than dismiss.
The defendants argue that, because the present case assertedly involves improper cumulation of actions, under Article 464 of the Code of Civil Procedure, dismissal, rather than transfer, is mandatory. Of course, this argument could have been presented, on original hearing or by an application for rehearing, to the panel which, in deciding the previous consolidated writ applications, determined that the trial court had authority and discretion to either transfer or dismiss. In any event, as we read the decision on the previous consolidated writ applications, only venue exceptions, and not exceptions of improper cumulation, were decided. Lastly, to 14the extent that there is any conflict between Article 464, and Articles 121 and 932, the latter Articles prevail, as they are more specifically directed at the available remedies when it has been determined that venue is improper. Also the articles of the Code of Civil Procedure must be construed together to provide for the speedy and efficient administration of substantial justice, and the use of transfer, rather than dismissal, normally is consistent with that approach to the Code. See Marler, Supra.
*61 Initially, upon receiving the direction from another panel of this court to either transfer or dismiss, the trial court decided to dismiss. The plaintiffs filed a motion for reconsideration and pointed out the possible impact of dismissal (as opposed to transfer) upon the prescription issue. The trial court then ordered transfer rather than dismissal. The defendants argue that the trial court did not have proper grounds to reconsider its decision. However, the authorities cited by the defendants deal with motions for new trial after final judgments and are not applicable to the trial court’s interlocutory procedural ruling as to whether to transfer or dismiss. In any case, the trial court did have good grounds to reconsider its decision. The record reflects that the trial court’s initial decision to dismiss was done as a matter of administrative convenience to avoid the necessity for the voluminous record being sent to the various parishes where venue is proper. The record also reflects that, at the hearing on the plaintiffs’ motion for reconsideration, the trial court was concerned with the possibility that dismissal would impact the prescription issue. The trial court did not abuse its discretion by deciding that | ^avoiding the possible impact on the prescription issue outweighed the greater administrative burden of transferring rather than dismissing.
The defendants urge, in the alternative, that, if we uphold the trial court’s decision to transfer, that we allow the transfer only in the named plaintiffs’ individual capacities and not in their class representative capacities. In effect, the defendants urge us to dismiss the class action aspects of the case. The defendants argue that the class described in the petition includes persons from all over Louisiana, that plaintiffs would generally have received blood transfusions from only one of the defendants and, now that there will be separate cases in the separate parishes where the various defendants are located, the class will be overbroad in each of those separate cases. We acknowledge the defendants’ point as to overbreadth, but we do not think the solution involves the issue of transfer. Rather, once the transfers to the various proper parishes are accomplished, the transferee courts can address the proper scope of the plaintiff class in each separate case. For example, the plaintiff class in a particular case might be limited to persons who received blood transfusions from the defendants in that case i.e. the defendants located in the parish where that case is pending.
For the foregoing reasons, the writ applications are denied and the ruling of the trial court is affirmed.

AFFIRMED.

MURRAY, J., dissents with reasons.