| xDOUCET, Chief Judge,
dissenting.
I disagree with the majority opinion herein, and would reverse the judgment of the trial court, finding the ARP inapplicable to the Gongre’s suit.
The majority finds applicable a 1997 amendment to the ARP which refers to causes of action “which arise while an offender is within the custody or under the supervision of the department ” I disagree. That provision did not come into effect until 1997. The Gongres filed suit in 1993. The improper probation revocation occurred in 1991. To apply the provision as amended in 1997 would be to deprive the Plaintiffs of a vested right.
I believe that we are bound by this court’s decision in Bumgarden v. Wackenhut Corrections Corp., 93-1349 (La.App. 3 Cir. 9/21/94); 645 So.2d 655, writ denied, 95-0156 (La.6/2/95); 654 So.2d 1102, which interpreted the ARP as it existed at the time the Gongres filed suit, as well as at the time the *416 injury occurred. The court in that case found that:
In the literal wording of the statute, the ARP clearly addresses itself to actions brought by “offenders.” R.S. 15:1174(2) makes it 12equally clear that an “offender” is someone who is in the physical custody of the State or a sheriff. To the contrary, Bumgarden had been released from custody at the time he filed this lawsuit. The only way to find the ARP applicable in the case sub judice is to hold that the ARP applies to all causes of action arising while the plaintiff is in custody, regardless of whether the plaintiff is in custody at the time he files suit. However, when the definition of “offender” is read into the statute, it negates this interpretation since the term “offender” is limited to offenders in physical custody. Where section 1171(B) provides the ARP applies to “all complaints and grievances by adult or juvenile offenders against the state,” this should be read as applying to complaints and grievances by offenders in custody. Similarly, where section 1172(B) prohibits a court from entertaining an offender’s grievance unless the offender has exhausted his administrative remedies, this also should be read as prohibiting petitions by offenders in custody.
Id. at pp. 3-4; 656-57.
Because Gongre was not in custody at the time his probation was revoked, Bumgarden prohibits us from applying the ARP to his case.
Further, I cannot agree that either Marler v. Petty, 94-1851 (La.4/10/95); 653 So.2d 1167 or Washington v. Secretary, Department of Public Safety & Corrections, 97-75 (La.App. 3 Cir. 12/10/97); 704 So.2d 349 is controlling here. They are distinguishable from the case before us. Each concerns an inmate hurt while in custody. Gongre, to the contrary, was on probation when he was jailed for an alleged probation violation. It is this wrongful act which is the basis of his suit. Neither Marler nor Washington deals with the question of whether the ARP applies to persons not in the custody of the Department of Corrections. Bumgarden speaks directly on this point. Further, it interprets the law as it existed at the time Gongre’s probation was revoked. Therefore, it should be applied here.
Accordingly, I dissent from the majority opinion in this case.