# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-551

**BARRY GIGLIO AND MARLA GIGLIO**

**VERSUS**

**STATE OF LOUISIANA, DEPARTMENT CHILD AND FAMILY SERVICES, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**TWENTY-SEVENTH JUDICIAL DISTRICT COURT**
**PARISH OF ST. LANDRY, DOCKET NO. 12-C-2445-B**
**HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**

Chris Villemarette
3404 Moss Street
Lafayette, LA 70507
(337) 232-3100
**ATTORNEY FOR PLAINTIFFS/APPELLANTS**
   Barry Giglio and Marla Giglio

Frank X. Neuner, Jr.
Jennie P. Pellegrin
NeunerPate
One Petroleum Center, Suite 200
1001 West Pinhook Road
P.O. Drawer 52828
Lafayette, LA 70505-2828
(337) 237-7000
**ATTORNEY FOR DEFENDANT/APPELLEE**
   State of Louisiana, through the Department of Children and Family Services

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Plaintiffs, Marla and Barry Giglio, filed a lawsuit on May 17, 2012 naming five Defendants: (1) Mindy Venable; (2) Dwayne Venable; (3) the State of Louisiana, through the Department of Children and Family Services (hereafter DCFS); (4) the State of Louisiana, through the Department of Public Safety, Division of State Police; and (5) Pam McGee. The lawsuit arose from an investigation concerning accusations of sexual molestation made by three minor children against the Plaintiffs. These acts were alleged to have taken place on October 1, 2010.

The children reported the alleged crime to their foster parents, Mindy and Dwayne Venable, who then called DCFS concerning the allegations. DCFS then reported the allegations to several law enforcement agencies. Eventually, the allegations were presented to the Louisiana State Police. After an investigation, the State Police submitted an affidavit containing the children's allegations to a district court judge in St. Landry Parish, who issued an arrest warrant for Plaintiffs. Pursuant to that warrant, Plaintiffs were arrested and transported to jail where they remained incarcerated for approximately two weeks until bond was posted.

Eventually the St. Landry Parish district attorney presented the charges to a grand jury, which returned a no true bill. Plaintiffs contend despite the grand jury refusing to indict them, the damage to them was done and "their lives were forever changed."

The instant lawsuit was filed by Plaintiffs alleging they were wrongfully arrested after the culmination of a cursory investigation into the allegations made by the three minor children. Plaintiffs alleged DCFS and the State Police negligently investigated the claims made by the minor children against them and/or knew or should have known the accusations were false.

In response to Plaintiffs' petition, DCFS filed several exceptions: (1) an exception of improper venue; (2) insufficiency of citation and/or service of citation; (3) nonconformity of the petition to the requirements of La.Code Civ.P. art. 891; (4) vagueness or ambiguity of the petition; (5) no cause of action; and (6) prescription.

A hearing on the exceptions was held, after which the trial court granted the exceptions of improper venue and prescription in favor of DCFS. The trial court found the cause of action asserted by Plaintiffs did not arise from acts that occurred in St. Landry Parish, and as a result venue was improper in St. Landry Parish. The exception of prescription was granted because the prescriptive period for filing the suit was not interrupted by service of suit in the proper venue. The remaining exceptions filed by DCFS were rendered moot.

Plaintiffs have appealed the trial court's judgment, asserting the following assignments of error:

> 1. The trial court erred in granting DCFS's exception of improper venue when the operative facts which support Plaintiffs' entitlement to recovery took place in St. Landry Parish.
>
> 2. The trial court erred in granting the exception of prescription.

## ANALYSIS

Initially, we emphasize the granting of the exceptions in question here applies only to DCFS and not to any other of the named defendants. When an appeal involves a ruling on an exception with contested issues of fact, the standard of review is the manifest error-clearly wrong standard. *Guitreau v. Kucharchuk*, 99-2570 (La. 5/16/00), 763 So.2d 575; *Chesne v. Mayeaux*, 03-570 (La.App. 3 Cir. 11/5/03), 865 So.2d 766. However, in a case in which there are no contested issues of fact and the only issue is the application of the law to the undisputed facts, the proper standard of review is whether or not there has been legal error. *Hatten v.*

3

*Schwerman Trucking Co.*, 04-1005 (La.App. 3 Cir. 12/8/04), 889 So.2d 448 (citing *Cleland v. City of Lake Charles*, 02-805, 01-1463 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644, 645), *writ denied*, 05-76 (La. 3/18/05), 896 So.2d 1009.

Louisiana Revised Statutes 13:5104 is the mandatory general venue statute which applies in suits against a State agency (such as DCFS), unless other more specific venue provisions apply in suits against particular agencies. *Colvin v. Louisiana Patient's Comp. Fund Oversight Bd.*, 06-1104 (La.1/17/07), 947 So.2d 15. The statute reads in pertinent part:

> A. All suits filed against the state of Louisiana or any state agency or against an officer or employee of the state or state agency for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.

La.R.S. 13:5104. Thus, under the statute an action against a state agency "shall be instituted" in East Baton Rouge Parish or "in the parish in which the cause of action arises." The place where the operative facts occurred which support the plaintiff's entitlement to recovery is where the cause of action arises. *Colvin*, 947 So.2d 15.

Plaintiffs filed suit in St. Landry Parish because they believed the cause of action against DCFS arose there. However, DCFS contended, under the facts and theories of liability set forth in Plaintiffs' Petition for Damages, all of the operative facts giving rise to the claim against DCFS occurred outside of St. Landry Parish. The trial court agreed.

The Plaintiffs argue venue as to DCFS is proper in St. Landry Parish because: (1) false allegations of abuse purportedly were published to "the authorities in St. Landry Parish" in order to secure arrest warrants for them; and (2) the Plaintiffs were jailed by the St. Landry Parish Sheriff and were brought before

4

a grand jury in St. Landry Parish. However, DCFS argued, and the trial court found, those facts are not "operative facts" regarding the Plaintiffs' claims against DCFS.

The record established the minor children were surrendered by their mother to DCFS in Evangeline Parish. Carla Bollich, the DCFS Child Welfare Specialist who was assigned to the minor children, worked in the DCFS office in Evangeline Parish. The performance of Ms. Bollich's duties involving the minor children occurred outside St. Landry Parish. All of the meetings with the minor children occurred at the DCFS office in Evangeline Parish. All meetings with the foster parents were either at the DCFS office in Evangeline Parish or at the foster parents' home in Acadia Parish. All court proceedings pertaining to the minor children's custody and/or case plan created and managed by DCFS occurred in Evangeline Parish. Lastly, pursuant to its mandatory reporting requirements, DCFS reported the minor children's allegations of sexual abuse to the Evangeline Parish Sheriff's Office.

The trial court dismissed Plaintiffs' argument that venue is proper in St. Landry Parish because false allegations of abuse were published to "the authorities in St. Landry Parish" and Plaintiffs were jailed and brought before a grand jury in St. Landry Parish. We find no error in the trial court's conclusion that those facts are not "operative facts" relating to the Plaintiffs' claims against DCFS. The record establishes DCFS did not "publish" false allegations against the Plaintiffs, but simply reported the minor children's accusations of sexual abuse to law enforcement officials pursuant to DCFS's statutory obligation to do so. At that point DCFS could not control whether any dissemination of the information it relayed to law enforcement officials would be transmitted to St. Landry Parish. Moreover, as DCFS notes it did not arrest the Plaintiffs, bring criminal charges or proceedings against the Plaintiffs, nor have the ability to direct law enforcement

5

agencies to pursue charges against the Plaintiffs based upon the allegations by the minor children. Having no police power and/or prosecutorial power, DCFS likewise had no control over the parish in which criminal charges were filed against the Plaintiffs. Thus, we find the trial court did not err in finding St. Landry Parish was not a parish of proper venue for the Plaintiffs' claims against DCFS under La.R.S. 13:5104(A).

We likewise find no error in the trial court's grant of the exception of prescription. Plaintiffs' argument that the exception of prescription was in error is based solely on the argument that venue was proper in St. Landry Parish. Having found that venue was not proper in St. Landry Parish as to DCFS, the trial court did not err in granting the exception of prescription.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Plaintiffs-Appellants.

**AFFIRMED.**