NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-49

JOANNA GILBERT

VERSUS

STATE OF LOUISIANA, THROUGH THE
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 130373
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy H. Ezell, and Shannon J. Gremillion,
Judges.

AFFIRMED.

**Jeannie C. Prudhomme**
**Assistant Attorney General**
**Louisiana Department of Justice**
**556 Jefferson Street, 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **State of Louisiana, through the**
     **Department of Transportation and Development**

**Jeffery F. Speer**
**George A. Wright**
**Doucet-Speer, APLC**
**P. O. Drawer 4303**
**Lafayette, LA 70502**
**(337) 232-0405**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Joanna Gilbert**

**SAUNDERS, Judge.**

Plaintiff filed suit alleging that Defendant was negligent in causing an automobile accident and that Plaintiff suffered damages as a result. Defendant filed an exception of improper venue. The trial court granted the exception and dismissed Plaintiff's claim. We affirm.

## FACTS AND PROCEDURAL HISTORY:

Plaintiff, Joanna Gilbert ("Gilbert"), was involved in a single vehicle accident in Terrebonne Parish while traveling southbound on Louisiana Highway 3011, when the road ended, and she entered the unpaved portion of the roadway. Gilbert continued traveling southbound where she ran off the unpaved portion of the road and entered the water of Bayou Black. Gilbert's vehicle came to rest near the bank with the front of her vehicle partially submerged.

On June 15, 2017, Gilbert filed suit in Iberia Parish, the parish of her domicile, against the State of Louisiana, through the Department of Transportation and Development ("DOTD"). Gilbert's suit alleged that her accident was caused by the negligence and/or fault of DOTD and that she suffered injuries as a result. Subsequently, Gilbert amended her lawsuit to add her uninsured/underinsured motorist carrier. Gilbert contends that because of the inclusion of the uninsured/underinsured motorist carrier, which relates back to the filing of a lawsuit, that venue for the Parish of Iberia was proper.

DOTD filed a Motion for Declinatory Exception of Improper Venue, which the trial court granted on September 26, 2017. The trial court signed a written judgment on October 11, 2017. It is from this judgment that Gilbert appeals.

**DISCUSSON ON THE MERITS:**

In her single assignment of error, Gilbert alleges that the trial court erred as a matter of law by granting the Declinatory Exception of Improper Venue filed by DOTD. We disagree.

Venue is a question of law; therefore, we must conduct a de novo review of the record on appeal. *Arc Indus., L.L.C. v. Nungesser,* 06-1353 (La.App. 3 Cir. 11/21/07), 970 So.2d 690, *writ denied,* 07-2438 (La. 2/15/08), 976 So.2d 182. Venue is defined as "the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." La.Code Civ.P. art. 41. Under La.Code Civ.P. art. 42(1), a suit against an individual domiciled in Louisiana must be brought in the parish of his domicile. However, according to La.Code Civ.P. art. 43, "The general rules of venue provided in Article 42 are subject to the exceptions provided in Section 2 of Chapter 2 of Title 1 of Book 1 of this Code and otherwise provided by law."

As this court noted in *Giglio v. State, Department Child and Family Services,* 13-551, p.4 (La.App. 3 Cir. 12/18/13), 129 So.3d 871, 874:

> Louisiana Revised Statutes 13:5104 is the mandatory general venue statute which applies in suits against a State agency (such as DCFS), unless other more specific venue provisions apply in suits against particular agencies. *Colvin v. Louisiana Patient's Comp. Fund Oversight Bd.,* 06–1104 (La.1/17/07), 947 So.2d 15. The statute reads in pertinent part:
>
> > A. All suits filed against the state of Louisiana or any state agency or against an officer or employee of the state or state agency for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
>
> La.R.S. 13:5104. Thus, under the statute an action against a state agency "shall be instituted" in East Baton Rouge Parish or "in the parish in which the cause of action arises." The place where the

2

operative facts occurred which support the plaintiff's entitlement to recovery is where the cause of action arises. *Colvin,* 947 So.2d 15.

In the instant matter, Gilbert filed suit against DOTD in Iberia Parish. Subsequently Gilbert amended her suit to add her uninsured/underinsured motorist carrier. However, DOTD contends, under the facts and theories of liability set forth in Gilbert's Petition for Damages, all of the operative facts giving rise to the claim against DOTD occurred outside of Iberia Parish. The trial court agreed, as do we.

Gilbert argues that venue as to DOTD is proper in Iberia Parish, due to the subsequent inclusion of her uninsured/underinsured motorist carrier, which relates back to the filing of the lawsuit. However, DOTD argues, and the trial court found, that those facts are not "operative facts" regarding Gilbert's claim against DOTD.

A review of the record reveals that Gilbert's accident, allegedly caused by DOTD's negligence, occurred in Terrebonne Parish. Moreover, DOTD is a state entity. The word "shall" contained in La.R.S. 13:5104(A) means that it is "mandatory" to follow the rules provided by that statute regarding venue when filing suit against the State of Louisiana or a State agency, i.e., "the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises." Gilbert's suit was filed in contravention to La.R.S. 13:5104(A). As such, we find that the trial court properly granted DOTD's exception of improper venue.

**CONCLUSION:**

Joanna Gilbert appeals the trial court's judgment granting the State of Louisiana, through the Department of Transportation and Development's Declinatory Exception of Improper Venue. We find no error by the trial court and affirm its judgment.

Cost of these proceedings are assessed to Joanna Gilbert.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.