415 So.2d 973 (1982)
The BANK OF NEW ORLEANS AND TRUST COMPANY
v.
Norris T. PHILLIPS and Ruth Phillips.
No. 11716.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
*974 Matthews & Breeden, Patrick D. Breeden, New Orleans, for defendants-appellees.
Newman & Drolla, Robert T. Wakefield and Joseph E. Fick, Jr., New Orleans, for plaintiff-appellant.
Before GARRISON, CHEHARDY and KLIEBERT, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the First City Court, granting to plaintiffs in reconvention, Norris and Ruth Phillips, the amount of $250.00, plus legal interest and costs, as well as attorney's fees in the amount of $700.00. From that judgment, which we affirm, the Bank of New Orleans (hereinafter BNO) appeals.
The case arises out of a suit on an open account for the balance due and owing on a revolving VISA credit card account. BNO filed suit in First City Court in Orleans Parish. The Phillips were both domiciled in Plaquemines Parish. After service, the Phillips filed an exception of venue and answer and reconventional demand. The reconventional demand alleges that the filing of BNO's petition in a parish other than where the Phillips are domiciled is an Unfair and Deceptive Trade Practice, prohibited by R.S. 51:1401 et seq., in light of BNO's knowledge of the Phillips' true domicile. BNO filed an exception of no cause of action and an answer in response to the reconventional demand. The trial court granted judgment in favor of the Phillips, granting their exception to venue, denying BNO's exception of no cause of action, dismissing BNO's original petition without prejudice, and granting damages and attorney's fees to the Phillips on their reconventional demand.
*975 On appeal, BNO argues that R.S. 51:1401 et seq. does not apply to banks, that the filing of suit in the wrong venue is not an unfair or deceptive act under R.S. 51:1401 et seq., and that the trial court erred in awarding damages and attorney's fees.
BNO argues that it is not subject to the act due to the language of R.S. 51:1406 which provides as follows:
"The provisions of this chapter shall not apply to:
"(1) Actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission or other public utility regulatory body, the state bank commissioner and the insurance commissioner. and any bank chartered by or under the authority of the United States acting under statutory authority of this state or the United States to regulate unfair or deceptive trade practices" (emphasis added)
BNO further argues that banks are regulated solely by R.S. 6:1 et seq. While banks are generally regulated by the State Banking Commissioner, this particular transaction is not. In the instant case, BNO is not acting as a bank, but rather as a commercial credit card company. This fact was recognized by the legislature in 1974. Prior to that time, R.S. 6:965-969, dealing with revolving loan plans and retail installment contracts, were placed in Chapter 6 of the Revised Statutes and placed under the jurisdiction of the State Banking Commissioner. Those provisions were repealed by Acts 1974, No. 466 § 3. Thus, bank credit card transactions are no longer within the jurisdiction of the State Banking Commissioner. Accordingly, the exception contained in R.S. 51:1406 does not apply and the Unfair and Deceptive Trade Practices Act does apply.
The second specification of error raised by BNO is that the trial judge erred in finding that the filing of suit in an improper venue is an unfair and deceptive trade practice. BNO argues that it is not unlawful or deceptive to file suit in an improper venue,[1] citing Code of Civil Procedure Art. 44, because venue is waivable.
C.C.P. Art. 44 provides as follows:
"An objection to the venue may not be waived prior to the institution of the action.

"The venue provided in Articles 2006, 2811, 2812, 3941, 3991, 4031 through 4034, 4541, and 4542 may not be waived.
"Except as otherwise provided in this article or by other law, any objection to the venue, including one based on any article in this Chapter, is waived by the failure of the defendant to plead the declinatory exception timely as provided in Article 928." (emphasis added)
Venue is waivable only after suit is filed; hence, the filing of suit in the wrong venue by plaintiff does not act as a waiver of defendant's rights. After filing and service, the burden then shifts to defendant to assert those rights, but only after institution of proceedings. We find that C.C.P. Articles 44, 925 and 121, when read together, contemplate two different situations. The first situation occurs when the plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue. In this instance, a transfer of venue under Art. 121 is proper. The second situation occurs where the plaintiff knowingly files suit in the wrong venue. In this instance, a dismissal under C.C.P. Art. 121 is proper. In both instances, a defendant may waive venue if he so chooses, but plaintiff cannot anticipate a waiver of defendant's preexisting due process rights. We find that the intentional and knowledgeable filing of suit in the wrong venue is tantamount to an abuse of process. It acts as a harassment to the defendant and attempts to hinder him in his access to the courts. Accordingly, we find that the intentional, knowledgeable filing of suit in the wrong venue is an unfair trade practice within the contemplation of R.S. 51:1401 et seq.
*976 The last specification of error is that the trial court erred in awarding damages and attorney's fees. R.S. 51:1409 provides as follows:
"Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act or practice was knowingly used, after being put on notice by the director or attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney's fees and costs. Upon a finding by the court that an action under this section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney's fees and costs." (emphasis added)
The definition[2] of "actual" provides as follows:

Defendant argues that "actual" damages does not include humiliation and mental anguish. We do not agree. Humiliation and mental anguish are "real", "genuine", "existing in fact", a part of "reality" and "exist in the present", as opposed to the future. Accordingly, we find that the trial judge acted properly in awarding damages to the plaintiffs. Likewise, the trial judge acted properly in awarding attorney's fees and court costs. Once damages are awarded to a plaintiff, the trial judge is mandated to award fees and costs.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] BNO's knowledge of plaintiffs' Plaquemines Parish domicile is evidenced by the address that BNO gave for service of process on the Phillips.
[2] Webster's Third New International Dictionary, Unabridged (G. & C. Merriam Co., 1971).