|,BROWN, J.
Appellant, an inmate at the David Wade Correctional Center (“DWCC”), filed a petition for injunctive relief in the Second Judicial District Court in Claiborne Parish, Louisiana, requesting that the court issue a Temporary Restraining Order (“TRO”) ordering the return of personal property confiscated by authorities at the facility. The court dismissed the petition on grounds of improper venue. The petitioner filed this appeal. We affirm.
Facts
The petitioner initially filed a request for an administrative remedy on April 24, 2000, which was dismissed on April 25, 2000 as untimely because it was filed more than 30 days after the alleged confiscation took place on March 6, 2000. The “Department of Public Safety and Corrections Disciplinary Rules and Procedures for Adult Inmates” provide that a request for a remedy will be rejected if “[t]here has been a lapse of more than 30 days between the event and the initial request.” {See Exhibit “I”).
The petitioner subsequently filed the instant petition for injunctive relief in the district court of Claiborne Parish where the DWCC is located. Petitioner contends that the statutorily provided administrative remedy is not exclusive. He alleges that the confiscation of various items such as his headphones and blue jeans was improper because there was no probable cause, no hearing, and there is no policy allowing the confiscations.
The district court dismissed the suit without prejudice on grounds that venue was improper, stating that:
Exclusive venue in the 19th Judicial District Court in and for East Baton Rouge Parish is provided for civil proceedings which are based on the Louisiana Administrative Procedure Act and are filed by inmates against the Louisiana Department of Public Safety and Corrections.
*1213 | {.Petitioner’s subsequent motion for a new trial arguing that the court improperly dismissed his case on venue grounds was denied. This appeal followed.
Discussion
La. R.S. 15:1172(A) provides that an inmate who has a claim against the Department of Public Safety and Corrections, or its employees or officers shall file and preserve his claim through an approved administrative remedy procedure. Section (B) of the statute provides, in pertinent part, that
B. No state court shall entertain an offender’s grievance or complaint which falls under the purview of the administrative remedy procedure unless and until the offender shall have exhausted the remedies as provided in said procedure. If the offender has failed timely to pursue administrative remedies through this procedure, any petition he files shall be dismissed.
An “offender,” refers to “an adult or juvenile offender in the physical custody of the Department of Public Safety and Corrections or a sheriff.” La. R.S. 15:1174(2); Washington v. Secretary, Department of Public Safety & Corrections, 97-75 (La.App. 3d Cir.12/10/97), 704 So.2d 349 La. R.S. 15:1177 provides that “any offender who is aggrieved by an adverse decision by the Department ... pursuant to any administrative remedy procedures’ ... may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court.... ” Assuming that the petitioner has exhausted all administrative remedies provided by the administrative remedy procedure, the 19th Judicial District Court is the only district court with jurisdiction over this matter, as provided by La. R.S. 15:1177.
Appellant’s reliance on Marler v. Petty, 94-1851 (La.04/10/95), 653 So.2d 1167, for the proposition that the district court has concurrent jurisdiction to hear his case is misplaced. In Marler, an inmate filed a tort suit in the Twenty Second Judicial District Court for injuries resulting from a physical assault from another inmate after his request for an administrative remedy was dismissed as untimely, | shaving been filed 34 days after the incident. The district court dismissed the case, holding that the inmate’s exclusive remedy rested in the Corrections Administrative Remedy Procedure and that venue for an adverse decision of the Department of Public Safety and Corrections lies exclusively in the Nineteenth Judicial District Court. Accordingly, the majority in Marler concluded that the district and appellate courts were correct in finding that plaintiffs suit filed in the district court was filed in an improper venue. Although Chief Justice Calogero dissented from the majority conclusion that the plaintiffs exclusive remedy was the administrative remedy provided by La. R.S. 15:1177 et seq, similar cases subsequent to Marler have followed the majority opinion. Edmond v. Department of Public Safety, 31,821 (La.App.2d Cir.03/31/99), 732 So.2d 645, unit denied, 99-1264 (La.06/18/99), 745 So.2d 32, cert. denied, 99-1330 (04/24/00), 529 U.S. 1087, 120 S.Ct. 1718, 146 L.Ed. 641; Gongre v. State, 97-1337 (La.App. 3d Cir.11/04/98), 728 So.2d 412, writ denied, 98-3031 (La.04/23/99), 740 So.2d 648; Washington v. Secretary, Department of Public Safety & Corrections, 97-75 (La.App. 3d Cir.12/10/97), 704 So.2d 349.
Appellant also complains that the district court was required to transfer his case to a court of proper jurisdiction. La. C.C.P. Arts. 121 and 932 provide, in pertinent part, that if an action has been brought in a court of improper venue, the court may transfer the action to a proper court, in the interest of justice. In Marler, supra, the court stated that a jurisprudential rule has evolved that when a plaintiff does not knowingly file suit in the wrong venue, transfer to the correct venue is proper. Said another way, when the plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon *1214 incorrect knowledge and erroneously files suit in the wrong venue, the case should be transferred to a court of proper venue pursuant to La. C.C.P. Art. 121. However, when the plaintiff knowingly Ufiles suit in the wrong venue, dismissal is proper. Marler, supra; Phillips Petroleum Company v. OKC Limited Partnership, 582 So.2d 351 (La.App. 4th Cir.1991); Habig v, Popeye’s, Inc., 553 So.2d 963 (La.App. 4th Cir.1989); Bank of New Orleans and Trust Company v. Phillips, 415 So.2d 973 (La.App. 4th Cir.1982).
The record in this instance demonstrates that the appellant was aware of the venue issues involved in filing his suit in the Second Judicial District Court. For this reason, we affirm the trial court’s dismissal on grounds of improper venue.
Accordingly, the judgment of the district court is affirmed.
AFFIRMED.