# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW 06-1353


ARC INDUSTRIES, L.L.C.

VERSUS

WILLIAM H. NUNGESSER


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2006-3028-I
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## JOHN D. SAUNDERS
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Glenn B. Gremillion, and J. David Painter, Judges.


**WRIT DENIED.**

Henry Camille Perret, Jr.
Perret, Doise
P. O. Drawer 3408
Lafayette, LA 70502-3408
(337) 262-9000
Counsel for Plaintiff/Respondent:
ARC Industries, L.L.C.


George Pivach, II
Timothy Thriffiley
Pivach, Pivach, Hufft
P. O. Box 7125
Belle Chasse, LA 70037
(504) 394-1870
Counsel for Defendant/Applicant:
William H. Nungesser

**SAUNDERS, Judge.**

**FACTS AND PROCEDURAL HISTORY:**

William H. Nungesser (hereinafter "Mr. Nungesser"), a resident and domiciliary of Plaquemines Parish, negotiated to perform consulting services for Arc Industries, L.L.C. (hereinafter "Arc"), a limited liability company domiciled in Iberia Parish and conducting business in Lafayette Parish. To this end, in October 2004, Mr. Nungesser and the manager of Arc, Michel Mareno (hereinafter "Mr. Mareno"), entered into a Letter of Interest, intended as a non-binding framework to further the discussions towards a consulting arrangement. In May 2005, Mr. Nungesser drafted a Consulting Agreement to memorialize the terms of the parties' proposed bargain. The Consulting Agreement, after numerous revisions proposed by Arc, ultimately was not executed.

Thereafter, Mr. Nungesser contacted Arc and demanded payment for reimbursement of expenses he allegedly incurred from January 2005 through July 2005, and for commission he allegedly earned during July and August 2005. In response, a bookkeeping employee of Arc issued payment, without authorization from Arc, on November 11, 2005. Upon learning of the allegedly erroneous payment, Arc notified Mr. Nungesser of the mistake and ordered its employee not to make any future payment unless a binding agreement with Mr. Nungesser was reached.

On June 16, 2006, Arc brought a petition for declaratory judgment before the Fifteenth Judicial District Court in Lafayette Parish, alleging that Mr. Nungesser never performed any services for Arc and, as such, praying for the return of its putatively erroneous payment to Mr. Nungesser. In response, Mr. Nungesser filed an exception of improper venue, arguing that the parish of Mr. Nungesser's domicile, Plaquemines Parish, was the only proper venue for such a suit. After a hearing on

September 25, 2006, Judge Thomas R. Duplantier denied the exception of improper venue. A judgment to this effect was signed by the trial court on October 4, 2006.

Mr. Nungesser then filed with this court an application for supervisory writs on October 20, 2006. We denied that writ application on January 22, 2007, stating that we found no error in the trial court's ruling.

In February 2007, Mr. Nungesser filed an application for supervisory writs with the Louisiana Supreme Court. The supreme court granted that writ application on April 5, 2007, and remanded the instant matter to this court for briefing, argument, and opinion.

**ASSIGNMENT OF ERROR:**

1.  Did the trial court abuse its discretion and commit manifest error in overruling Mr. Nungesser's exception of improper venue?

**DISCUSSION:**

Mr. Nungesser contends that the trial court erred in overruling his exception of improper venue. We disagree.

"Venue is a question of law, which is reviewed *de novo* by the appellate court." *Price v. Roy O. Martin Lumber Co.*, 04-0227 (La.App. 1 Cir. 4/27/05), 915 So.2d 816, 824, *writ denied*, 05-1390 (La. 1/27/06), 922 So.2d 543 (citing *In re Med. Review Panel Proceedings for the Claim of Tinoco*, 03-0272, p. 5 (La.App. 4 Cir. 9/17/03), 858 So.2d 99, 103). "However, the trial court's factual findings underlying the decision are reviewed under the manifest error standard of review." *Elliot v. Amato and Creely*, 05-0376, p. 3 (La.App. 1 Cir. 3/29/06), 934 So.2d 779, 781 (citing *Peters v. Alpharetta Spa, L.L.C.*, 04-0979, p. 3-4 (La.App. 1 Cir. 5/6/05), 915 So.2d 908, 910; *Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987)).

"Venue means the parish where the action or proceeding may properly be

brought and tried under the rules regulating the subject." La.Code Civ.P. art. 41.

The objection to improper venue is raised by a declinatory exception. La.Code. Civ.P. art. 925. "[A] judgment overruling the declinatory exception raising the objection of improper venue is an appealable judgment because it is an interlocutory judgment that may cause irreparable injury." *A & P Boat Rentals, Inc. v. Am. Lloyd's*, 592 So.2d 1361, 1362 (La.App. 1 Cir. 1991) (citing *Aetna Ins. Co. v. Naquin*, 488 So.2d 950, 952 (La.1986)).

"The general rules of venue are that an action against . . . [a]n individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence." La.Code Civ.P. art. 42; s*ee also Hawthorne Oil & Gas Corp. v. Cont'l Oil Co.*, 377 So.2d 285, 287 (La.1979) ("Article 42 of the Code of Civil Procedure enunciates the general rule of venue that a person must be sued at his domicile."). However, "[t]he general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law." La.Code Civ.P. art. 43. The Louisiana Supreme Court discussed the construction of such exceptions in *Jordan v. Central Louisiana Electric Co.*, 95-1270 (La. 6/23/95), 656 So.2d 988. There, the court explained:

> [T]he alternative, optional venue provisions contained in La.Code Civ.P. articles 71 through 85 "are an extension, supplement, and legal part of the provisions of Article 42." As a result, these alternative venue provisions are no longer exceptions to Article 42's "home base" venue that should be strictly construed, as was formerly required under *Hawthorne Oil and Gas Corp. v. Continental Oil*, 377 So.2d 285 (La.1979). Rather, these alternative provisions are part and parcel of the general venue rule set forth in Article 42.

*Id.* at 989 (citations omitted).

Thus, unless the circumstances of the instant case fall within some statutory exception

3

sufficient to allow Arc to bring suit in Lafayette Parish, Mr. Nungesser's declinatory exception of improper venue must be sustained.

Arc asserts that it is authorized to bring suit in Lafayette Parish under the aegis of the La.Code Civ.P. art. 76.1 venue exception. That article reads, in part: "An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract." La.Code Civ.P. art. 76.1.

By way of counterargument, Mr. Nungesser contends that La.Code Civ.P. art. 76.1 cannot serve as the basis for venue in Lafayette Parish, as the very allegations contained in Arc's petition assert that no contract was ever confected between the two parties. In effect, Mr. Nungesser claims that, absent the existence of a contract between himself and Arc, the language of La.Code Civ.P. art. 76.1 precludes that provision from supporting venue.

Arc responds that venue is proper under La.Code Civ.P. art. 76.1, even in the absence of a contract, so long as there exists a quasi-contract between the two parties. In support of such contention, Arc cites *Tyler v. Haynes*, 99-1921 (La.App. 3 Cir. 5/3/00), 760 So.2d 559. There, this court was asked to determine whether La.Code Civ.P. art. 76.1 could support venue in Grant Parish on the basis of the plaintiff's quasi-contractual towage and storage services rendered therein. Answering this question in the affirmative, we proclaimed: "Our conclusion that a quasi-contract exists directs us to Louisiana Civil Code [sic] Article 76.1 . . . Accordingly, suit was properly brought in Grant Parish, the parish where the tractor-trailer rig was towed and stored and where the cleanup occurred." *Id.* at 564; *see also Bloomer v. La. Workers' Comp. Corp.*, 99-707, p. 4 (La.App. 1 Cir. 5/12/00), 767 So.2d 712, 715

4

("[W]e find it was not in error for the Plaintiff to bring her case in St. Tammany Parish if Plaintiff establishes that the contract (quasi-contract) was either executed or performed in St. Tammany Parish."). In so holding, this court established the proposition that La.Code Civ.P. art. 76.1 applies equally both to actions brought on contracts and to those brought on quasi-contracts.

Arc further argues that, as with *Tyler*, the case at bar involves a quasi-contract. Specifically, Arc argues that the instant case involves unjust enrichment.

"Quasi-contracts are *willful* and *lawful* acts [that] give rise to obligations without the concurrence of wills, that is, without the agreement of the persons involved that is necessary for the formation of a contract." SAUL LITVINOFF, 5 LOUISIANA CIVIL LAW TREATISE § 1.6, at 10. "Examples . . . of quasi-contracts are: the management of the affairs of another (negotiorum gestio) and *unjust enrichment*." *Corbello v. Iowa Prod.*, 02-0826, p. 3 (La. 2/25/03), 850 So.2d 686, 712 (Knoll, J., dissenting) (citing La.Civ.Code art. 1757) (emphasis added). The claim of unjust enrichment arises when "[a] person . . . has been enriched without cause at the expense of another person . . . ." La.Civ.Code art 2298. "A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it." La.Civ.Code art. 2299. "A thing is not owed when it is paid or delivered for the discharge of an obligation that does not exist." La.Civ.Code art. 2300.

Arc argues that the allegations in its petition state a quasi-contractual claim of unjust enrichment sufficient to support the application of La.Code Civ.P. art. 76.1. We agree. "A plaintiff invoking the provisions of Article[] . . . 76.1 must allege sufficient facts to prove that the chosen venue is proper." *Elliot*, 934 So.2d at 782

5

(citing *Sorrento Co. v. Honeywell Int'l, Inc.*, 04-1884 (La.App. 1 Cir. 9/23/05), 916 So.2d 1156.). "For the purposes of determining a proper venue, the plaintiff's allegations are taken as true." *Id.* (citing *Cacamo v. Liberty Mut. Fire Ins. Co.*, 99-3479, p. 6 (La. 6/30/00), 764 So.2d 41, 45.). Assuming arguendo the truth of Arc's allegations, Mr. Nungesser received a payment from Arc that was not owed to him, and he has thus been enriched thereby at the expense of Arc.

Having determined that the instant case involves a quasi-contract sufficient to support the application of La.Code Civ.P. art. 76.1, the question remains whether La.Code Civ.P. art. 76.1 supports venue in Lafayette Parish. Applying La.Code Civ.P. art. 76.1 to the case at bar, the relevant question becomes whether the quasi-contract was "executed" or "performed" in Lafayette Parish. *See Bloomer*, 767 So.2d 712.

"[T]he appropriate meaning of the term 'execute,' for purposes of article 76.1, is the point in time at which a valid contract is created between the parties, regardless of whether the contract is oral or written." *State ex rel. Ieyoub v. Justiss Oil Co.*, 95-345, p. 2 (La.App. 1 Cir. 11/9/95), 665 So.2d 68, 70. "[A] contract . . . may be executed in more than one parish . . . For a verbal agreement, venue is proper where either party was located at the point in time at which a valid contract was created between the parties." *Elliot*, 934 So.2d at 782.

Arc asserts that, as it was located in Lafayette Parish at the time of the quasi-contract's execution, La.Code Civ.P. art. 76.1 validates venue in Lafayette Parish. We agree. Here, Arc alleges in its petition that Mr. Nungesser demanded payment from Arc, after which an employee of Arc issued such payment to him. Because Arc's place of business remained in Lafayette Parish at all times during this period,

6

pinpointing the actual moment of execution bears no influence upon the instant determination. Our jurisprudence directs us to determine venue by assuming the truth of the plaintiff's allegations. Based solely upon these allegations, the moment at which the quasi-contract at issue here was executed, if at all, must fall at some point between Mr. Nungesser's demand and Arc's subsequent payment. Thus, Mr. Nungesser's declinatory exception of improper venue must fail. Accordingly, we find his assignment of error without merit.

**CONCLUSION:**

For the reasons set forth above, judgment of the trial court is affirmed. All expenses to be taxed to appellant.

**WRIT DENIED.**