# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 22-236

**TREVER BERTRAND**

**VERSUS**

**HOWARD DESSELLE, LUKE B. AGUILLARD,
STATE OF LOUISIANA THRU THE DEPT.
OF PUB. SAFETY, AND STATE FARM MUTUAL INSURANCE CO.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 202110490
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## GARY J. ORTEGO
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Chief Judge Sylvia R. Cooks, Charles G. Fitzgerald, and Gary J. Ortego, Judges.

**REVERSED AND REMANDED, WITH INSTRUCTIONS.**

**Jack Derrick Miller**
**Attorney at Law**
**P. O. Drawer 1650**
**Crowley, LA 70526**
**(337) 788-0768**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Trever Bertrand**

**Jeannie C. Prudhomme**
**Asst. Attorney General**
**556 Jefferson St., 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State of Louisiana thru TheDept. of Pub. Saf. & Corr**
    **Howard Desselle**

**Joseph Todd Puhekker**
**Leah B. Guilbeau & Assoc.**
**4023 Ambassador Caffery #100**
**Lafayette, LA 70503**
**(337) 988-7240**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State Farm Mutual Insurance Co.**
    **Luke B. Aguillard**

**Cranay D. Murphy**
**La Dept of Justice, Asst AG**
**556 Jefferson, 4th floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State of Louisiana thru TheDept. of Pub. Saf. & Corr**
    **Howard Desselle**

**ORTEGO, Judge.**

In this motor vehicle accident case, Plaintiff appeals the trial court's judgment granting Defendants' exception of improper venue. For the following reasons, we find the judgment of the trial court to be a final, appealable judgment, and further find the trial court abused its discretion in dismissing the Plaintiff's suit, remanding this matter, with instructions to transfer the case to the proper venue for further proceedings.

FACTS AND PROCEDURAL HISTORY

On August 25, 2020, Trever Bertrand (Bertrand) was a guest passenger in a vehicle driven by Luke Aguillard (Aguillard). On that date, in Eunice, St. Landry Parish, Louisiana, the Aguillard vehicle was involved in a motor vehicle collision with a vehicle driven by Howard Desselle (Desselle). At the time of the accident, Desselle was an employee of the State of Louisiana (the State), working in the Department of Public Safety. Aguillard's vehicle was insured by State Farm Mutual Automobile Insurance Company (State Farm).

On July 1, 2021, Bertrand filed suit against Desselle, the State, as Desselle's employer, Aguillard, and State Farm (hereinafter, Desselle and the State are collectively referred to as "Appellees"). The suit was filed in the 15th Judicial District Court in Acadia Parish. In response, Appellees filed several exceptions, including the declinatory exception of improper venue.

Thereafter, Bertrand amended his petition, and Appellees refiled the exceptions. A hearing date of December 6, 2021 was set for the exceptions. On November 17, 2021, Bertrand filed a second amendment to his petition wherein he deleted any claims against the State. No exceptions were filed to the second amended petition.

1

The exceptions were heard on December 6, 2021. On January 3, 2022, judgment was signed granting Appellees' exception of improper venue and dismissing, without prejudice, "the matter of Trever Bertrand v. State of Louisiana, through the Department of Public Safety and Corrections, *et al.*"

On January 7, 2022, Bertrand filed a motion for new trial. The trial court denied the motion on January 28, 2022.

On February 16, 2022, Bertrand filed a notice of intention to apply for supervisory writs regarding the trial court's judgment and denial of his motion for a new trial. Additionally, on February 17, 2022, Bertrand filed a motion for appeal regarding the two judgments. While Bertrand was waiting on the return date for the writ application, the trial court granted Bertrand's motion for this appeal now before us. In that appeal, Bertrand alleges five assignments of error.

**ASSIGNMENTS OF ERROR**

1. The trial court committed error by relying only upon the initial and first amended and/or supplemental petitions filed by Bertrand in determining the validity of the exceptions filed by Appellees, while rendering irrelevant the Second Amended and/or Supplemental Petition for Damages filed subsequent to the exceptions of Appellees and the State of Louisiana, but prior to the hearing on those exceptions.

2. The trial court committed error by considering and granting Exceptions of Improper Venue in favor of the State of Louisiana, who was no longer a party to the proceedings.

3. The trial court committed error by dismissing "the Matter of Trever Bertrand vs. State of Louisiana, through the Department of Public Safety and Corrections, *et al*," irrespective of whether it was with prejudice or without prejudice.

4. The trial court committed error by denying an Application for New Trial, especially without granting a hearing.

5. Alternatively, the trial court committed error by failing to transfer the proceedings as opposed to dismissal.

## LAW AND DISCUSSION

*I.      Standard of Review*

An appellate court reviews the factual findings of a trial court under the manifest error-clearly wrong standard of review. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The trial court's legal conclusions on questions of law, however, are reviewed de novo. *Brunson v. Crown Brake, LLC*, 18-994 (La.App. 3 Cir. 6/19/19), 275 So.3d 432, *writ denied*, 19-1184 (La. 10/15/19), 280 So.3d 613.

Venue presents a question of law. *Arc Industries, L.L.C. v. Nungesser*, 06-1353 (La.App. 3 Cir. 11/21/07), 970 So.2d 690. Such questions of law are reviewed by an appellate court de novo. *Id.*

The trial court, in deciding a declinatory exception of improper venue, is afforded discretion in choosing to dismiss the action or transfer it to a proper venue in the interest of justice. See La.Code Civ.P. art. 121 and La.Code Civ.P. art. 932(B). Appellate courts review this decision under the abuse of discretion standard of review. *Kirk v. Stafford*, 21-56 (La.App. 4 Cir. 5/12/21), 320 So.3d 1213.

*II.     Preliminary Matter - Appellate Jurisdiction*

Appellees assert in brief that this court lacks jurisdiction to review this matter via appeal. We address this issue first, as a finding that this court lacks jurisdiction would necessitate dismissal. Appellees raise no assignment of error nor file any formal motion with requested relief.

"The rule is long established that a judgment of dismissal without prejudice is a final judgment which may be appealed." *Butler v. Flint-Goodridge Hosp. of Dillard U.*, 346 So.2d 1131 (La.App. 4 Cir.1977); *Rapides Savings & Loan*

3

*Association v. Lakeview Development Corporation*, 326 So.2d 511 (La.App. 3 Cir.1976)." *Leger v. Delahoussaye*, 464 So.2d 1, 3 (La.App. 3 Cir.1984). See *People of the Living God v. Chantilly Corporation*, 251 La. 943, 207 So.2d 752 (1968).

Here, the trial court's judgment dismissed Bertrand's suit, without prejudice. Accordingly, the trial court's judgment is a final, appealable judgment.

III. *Improper Venue- Dismissal v. Transfer*

As an alternative to his first four assignments of error, Bertrand asserts that the trial court committed error by failing to transfer the proceedings, as opposed to dismissal. We will address this issue first, as a finding that this matter was improperly dismissed and warrants transferal to a proper venue pretermits the remaining issues raised by Bertrand.

Louisiana jurisprudence and law, specifically, La.Code Civ.P. art. 121 provides,

> "When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue."

Here, a review of the record shows that Acadia Parish was the improper venue for the action filed by the plaintiff. In fact, Bertrand's memorandum, addressing Appellees' exception of improper venue, expressed amenability to transferring his suit to St. Landry Parish, thus conceding that Acadia Parish was an improper venue. Thus, we sustain the finding that venue was improper.

Having sustained that finding, we next look to the trial court's decision to dismiss, without prejudice, this action instead of transfer of action to a proper venue.

4

The Louisiana Supreme Court, in *Marler v. Petty*, 94-1851, p. 6 (La. 4/10/95), 653 So.2d 1167, 1171, stated the following (citations omitted) (emphasis added):

> [La.Code Civ.P. arts.] 121 and 932 provide, in pertinent part, that if an action has been brought in a court of improper venue, the court may transfer the action to a proper court, in the interest of justice. The jurisprudential rule has evolved that when a plaintiff does not knowingly file suit in the wrong venue, transfer to the correct venue is proper. Said another way, when the plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, *the case should be transferred to a court of proper venue pursuant to [La.Code Civ.P. art.] 121*. However, when the plaintiff knowingly files suit in the wrong venue, dismissal is proper.

In *Marler*, an inmate claimed he was injured while incarcerated in Washington Parish. Plaintiff filed a tort suit in the 22nd Judicial District Court, Washington Parish. The trial court found that the suit was filed in an improper venue and chose to dismiss the suit rather than transfer it to the proper venue. The appellate court affirmed. The supreme court cited La.Code Civ.P. arts. 121 and 932 in finding that the trial court should have transferred the suit to the proper venue, the 19th Judicial District Court.

Our reading of *Marler* leaves it to the discretion of courts to determine if there is any fact or facts that necessitate a finding that "plaintiff knowingly file[d] suit in the wrong venue." *Marler*, 653 So.2d at 1171. In stating that dismissal is proper when "plaintiff knowingly files suit in the wrong venue.", the *Marler* court cited three fourth circuit cases: *Bank of New Orleans and Trust Company v. Phillips*, 415 So.2d 973 (La.App. 4 Cir.1982); *Habig v. Popeye's, Inc.*, 553 So.2d 963 (La.App. 4 Cir.1989); *Phillips Petroleum Company v. OKC Limited Partnership*, 582 So.2d 351 (La.App. 4 Cir.1991).

5

In *Bank of New Orleans and Trust Co.*, 415 So.2d at 975, the fourth circuit deemed dismissal under Article 121 proper after finding the suits filed in the improper venue both intentionally and knowledgeably to harass and hinder a party's access to the court. The *Bank of New Orleans and Trust Co.* court found that the plaintiff's actions were "tantamount to an abuse of process." Clearly, under *Bank of New Orleans and Trust Co.*, a dismissal is proper when a plaintiff has actual knowledge of a venue's impropriety plus the intent to harass or to hinder a party's access to courts.

The fourth circuit revisited *Bank of New Orleans and Trust Co.* in *Habig*, 553 So.2d at 967. In *Habig*, the fourth circuit added the requirement that a party seeking dismissal for improper venue carry the burden to prove a plaintiff "knowingly filed a suit in the wrong venue." However, no relevant facts were discussed regarding when a case is properly dismissed or transferred for its filing in an improper venue.

Finally, in *Phillips Petroleum Co.* the fourth circuit cited *Habig*. In *Phillips Petroleum Co.*, the court found that the party bringing the improper venue exception failed to carry its burden to prove that the plaintiff "knowingly filed suit in the wrong venue." As such, the *Phillips Petroleum* court deemed justice best served by transferring the action. Again, no relevant facts were discussed regarding when a case is properly dismissed or transferred.

In *Lightfoot v. David Wade Correctional Center*, 34,391 (La.App. 2 Cir. 12/22/00), 775 So.2d 1211, a case subsequent to *Marler*, the second circuit found that a plaintiff being "aware" of venue issues prior to filing suit equated to "knowingly filing suit in the wrong venue." *Id.* The *Lightfoot* court stated, "[t]he record in this instance demonstrates that the appellant was aware of the venue issues involved in filing his suit in the Second Judicial District Court." Thereafter, the

6

second circuit affirmed a judgment dismissing the plaintiff's suit rather than transferring it to the proper venue. This language tends to indicate that actual knowledge of filing suit in an improper venue can make dismissal of the case proper. However, the *Lightfoot* court did not elaborate on what other factors, if any, it found relevant in affirming the dismissal of the plaintiff's suit such as whether substantive rights could be lost by dismissing the case or whether the plaintiff had unclean hands in some manner.

In the case before us, Appellees assert that Bertrand "knowingly filed suit in the wrong venue," per *Marler*, because Bertrand alleged in his petition for damages that Desselle was in the course and scope of his employment with the State at the time of the accident, and that the accident occurred in St. Landry Parish. According to Appellees, because Bertrand alleged these two facts in his petition, he necessarily can be imputed with the knowledge that La.R.S. 13:5104(A) dictates venue is proper in the 19th Judicial District Court, "the judicial district in which the state capitol is located," or in the 27th Judicial District Court, "the district court having jurisdiction in the parish in which the cause of action arises." Appellees state, in brief, that Bertrand's actual knowledge of La.R.S. 13:5104(A) is irrelevant, as ignorance of the law is no excuse for noncompliance citing Louisiana Civil Code article 5.

The phrase, "knowingly filed suit in the wrong venue," as used in *Marler* does not require that a plaintiff endure unjust consequences for want of absolute knowledge of all applicable laws. In essence, Appellees request this court to extend "knowingly filed suit in the wrong venue" to include those plaintiffs that should have, or even could have, known that the suit was going to be filed in an improper venue. We decline to do so.

7

In looking at the applicable jurisprudence wherein a plaintiff was deemed to "knowingly fil[e] suit in the wrong venue," generally, the plaintiff had actual knowledge of filing suit in an improper venue, such as in *Lightfoot*, 775 So.2d 1211, or had actual knowledge plus the intent to abuse improper filings to gain an advantage over the opposing party, as in *Bank of New Orleans and Trust Co.*, 415 So.2d at 975.

Here, Appellees present no evidence, nor is there any in the record, that Bertrand had actual knowledge that he was filing his case in an improper venue, as was the case in both *Lightfoot* and *Bank of New Orleans and Trust Co.* Contrarily, Bertrand, in brief, candidly admits that his selection of Acadia Parish was "an honest mistake," and he acted upon same based on his incorrect belief that La.Code Civ.P. art. 73 allowed his suit to be brought in the venue where one of the alleged joint and/or solidary obligors resides. Bertrand alleged in his petition for damages that all defendants were joint and/or solidary obligors, and that Aguillard's address was in Acadia Parish.

We note that Bertrand's memorandum, addressing Appellees' exception of improper venue, expressed amenability to transferring his suit to St. Landry Parish. Clearly, at that point in time, Bertrand acquired actual knowledge of venue issues with his suit per La.R.S. 13:5104(A). This memorandum was filed on September 29, 2021, over two months prior to the trial court's hearing that resulted in the dismissal of Bertrand's entire case.

Given the above, we find that Appellees failed to carry their burden to prove that Bertrand "knowingly file[d] suit in an improper venue." Thus, dismissal of Bertrand's suit by the trial court was not proper under *Marler*.

Next, we will look to whether the trial court's decision to dismiss this action was an abuse of discretion. We find, under the facts of this case, that the trial court abused its discretion.

Louisiana Code of Civil Procedure Article 121 provides, "[w]hen an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue." Transfer is "in the interest of justice" when "it prevents substantive rights being lost, without a determination upon the merits, by becoming time-barred under prescription or peremption despite having been filed and served timely albeit in the improper venue." *Blow v. OneBeacon America Ins. Co.*, 16-301, pp. 21-22 (La.App. 4 Cir. 4/20/16), 193 So.3d 244, 257, *writ denied*, 16-954 (La. 9/6/16), 204 So.3d 1002 citing *Garrison v. St. Charles Gen. Hosp.*, 02-1430 (La.App. 4 Cir. 9/17/03), 857 So.2d 1092.

In the matter before us, on January 3, 2022, the trial court signed a judgment dismissing Bertrand's suit stating, "**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the matter of Trever Bertrand v. State of Louisiana, through the Department of Public Safety and Corrections, *et al.* . . . is dismissed, without prejudice." The prescriptive period applicable to Bertrand's case is the one-year liberative prescription for delictual actions, commencing the day the injury or damage is sustained. La.Civ.Code art. 3492. Here, the date of the vehicle accident at issue is August 25, 2020. It is clear that dismissal of Bertrand's entire suit renders any suit he should file in a proper venue barred by prescription, regardless of its designation as being without prejudice. This result would cause Bertrand to lose a substantive right, via prescription, and irreparable harm, without having his day in

9

court. As such, we find that the trial court abused its discretion in dismissing Bertrand's suit, as the interest of justice dictates that this suit be transferred to a proper venue.

## CONCLUSION

Trever Bertrand appeals, raising five assignments of error. We find that this judgment of dismissal, without prejudice, by the trial court is a final, appealable judgment. Further, we find that the trial court abused its discretion in dismissing Trever Bertrand's action, without prejudice, rather than transferring the proceedings to a proper venue. There is no evidence in the record that Trever Bertrand knowingly filed his suit in an improper venue. Dismissal of Trever Bertrand's suit was an abuse of the trial court's discretion, as the interest of justice mandates transferring his suit to a proper venue.

Accordingly, we reverse the trial court's judgment dismissing the suit of Trever Bertrand, remand this matter, with instructions that the case be transferred to the 27th Judicial District Court, in St. Landry Parish, Louisiana, a proper venue, in accordance with this judgment.

Costs of these proceedings in the amount of $1,021.00, are equally assessed against the State of Louisiana, through the Department of Public Safety and Corrections, and Howard Desselle.

**REVERSED AND REMANDED, WITH INSTRUCTIONS.**