SCOTT VICKNAIR, LLC     *     NO. 2024-CA-0512

VERSUS     *

    **COURT OF APPEAL**

WAYNE ROBINSON     *

    **FOURTH CIRCUIT**

    *

    **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
FIRST CITY COURT OF NEW ORLEANS
NO. 2024-00104, SECTION "C"
Honorable Dianne T. Alexander, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Rachael D. Johnson, Judge Karen K. Herman)

HERMAN, J., DISSENTS WITH REASONS

Brad P. Scott
Jane C. Alvarez
Kayla Martynenko
Kameron P. Whitmeyer
SCOTT VICKNAIR, LLC
909 Poydras Street, Suite 2025
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFF/APPELLANT

           **REVERSED AND REMANDED**
           **March 13, 2025**

This is a suit on an open account. Plaintiff—Scott Vicknair, LLC ("Vicknair"), a law firm—appeals the trial court's May 22, 2024 judgment (the "May 2024 Judgment") granting certain exceptions filed by Defendant—Wayne Robinson ("Mr. Robinson"), a former client—and dismissing the suit.[1] For the reasons that follow, we reverse and remand.

**Factual and Procedural Background**

In January 2024, Vicknair commenced this suit in First City Court of New Orleans ("City Court"), averring that Mr. Robinson owed it $16,501.55, with interest, attorney's fees, and costs for legal services. In the petition, Vicknair averred that it performed the legal services in connection with a succession matter that was pending in Jefferson Parish—the Succession of Loretta Marie Coleman (the "Coleman Succession"). Vicknair further averred that all the legal services were performed in Orleans Parish, where its registered office is located, and that Mr. Robinson's domicile is in Ascension Parish. Mr. Robinson responded by filing

---

[1] As explained elsewhere in this opinion, there were two judgments issued on the exceptions—the May 2024 Judgment, which is before us on appeal; and a June 28, 2024 amended judgment, which is not.

1

a trio of declinatory exceptions—lis pendens, improper venue, and lack of subject matter jurisdiction.[2]

In April 2024, a hearing was held on the exceptions. At the hearing, the trial court ruled from the bench granting the exceptions of improper venue and lack of subject matter jurisdiction, denying the exception of lis pendens, and dismissing the suit. The following month, in May 2024, the trial court rendered a written judgment granting the exceptions of improper venue and lis pendens, denying the exception of lack of subject matter jurisdiction, and dismissing the suit. From the May 2024 Judgment, Vicknair timely appealed.

Meanwhile, in June 2024, after the lodging of the appeal, the trial court rendered an amended judgment (the "Amended Judgment") granting exceptions of improper venue and subject matter jurisdiction and denying the exception of lis pendens.

**Jurisdictional Issue**

Before reaching the merits of the appeal, we address the jurisdictional issue of which judgment is before us—the May 2024 Judgment or the Amended Judgment. The jurisdictional issue is the result of the following chronology of events:

- June 3, 2024: Vicknair filed a timely Motion for Devolutive Appeal from the May 2024 Judgment;

---

[2] Mr. Robinson incorrectly captioned its exception of lack of subject matter jurisdiction as a declinatory exception. Effective August 1, 2023, the Legislature changed the characterization of an exception of lack of subject matter jurisdiction from a declinatory to a peremptory exception. *See* La. C.C.P. art. 927 (A)(8) (providing that peremptory exceptions include "[t]he court's lack of jurisdiction over the subject matter of the action"). This amendment was in effect in January 2024 when this suit was filed and these exceptions were filed.

- June 13, 2024: The trial court signed an order granting Vicknair's Motion for Devolutive Appeal (the "Order of Appeal"); and

- June 28, 2024: The trial court issued the Amended Judgment, stating that it was correcting "typographical errors" in the May 2024 Judgment to reflect the ruling it made from the bench on the exceptions.

The governing statutory provision is La. C.C.P. art. 1951, which provides, in part, that "[o]n motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation." Summarizing the jurisprudence construing La. C.C.P. art. 1951, this Court, in *Bates v. City of New Orleans*, 13-1153, pp. 13-14 (La. App. 4 Cir. 3/26/14), 137 So.3d 774, 785 (internal citations omitted), outlined the following well-settled parameters regarding a court's authority to amend a final judgment:

- "Article 1951 contemplates the correction of a 'clerical error' in a final judgment, but does not authorize substantive amendments" An amendment that "adds to, subtracts from, or in any way affects the substance of a judgment, is considered a substantive amendment."

- The substance of a judgment can be altered only by a timely motion for new trial, nullity action, or appeal.

- "The trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error."

- "La. C.C.P. art. 1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial judge's actual intention. The trial court's written judgment is controlling, even if the trial judge may have intended otherwise."

- A trial court's authority on a motion to enforce a final judgment is limited to enforcing its judgment as written.

- Substantive amendments to judgments made without recourse to the proper procedures—a timely motion for a new trial or an appeal— are absolute nullities.

3

- The remedy generally granted by an appellate court when it finds an improper substantive amendment has been made to a final judgment is to set aside and annul the amending judgment and to reinstate the original judgment.

Based on these principles, we find that the Amended Judgment is an absolute nullity. The Amended Judgment was rendered after the trial court signed the Order of Appeal. At that juncture, this Court was vested with appellate jurisdiction; and the trial court lacked jurisdiction to make any substantive amendment to the May 2024 Judgment. The Amended Judgment made two substantive amendments to the May 2024 Judgment: (i) it changed the rulings on the exceptions; and (ii) it failed to dismiss the case. For these reasons, we vacate the Amended Judgment and reinstate the May 2024 Judgment. The May 2024 Judgment, thus, is the only judgment properly before us on appeal.

**Merits of the Appeal**

All three of Mr. Robinson's exceptions are premised on the argument that the claim asserted here is part of the Coleman Succession, which is pending in Jefferson Parish, and that jurisdiction and venue are therefore improper. Likewise, he contends that lis pendens applies given Vicknair filed a proof of claim for the same amount of legal fees in the Coleman Succession (the "POC").[3] Given the intertwined nature of the exceptions, we address all of them.

---

[3] If this was a succession proceeding, Mr. Robinson's contentions may have merit. *See Succession of McElwee*, 276 So.2d 391 (La. App. 2d Cir.1973) (observing that "[i]n succession proceedings, jurisdiction and venue are synonymous"). Indeed, a succession proceeding is one of the type of cases carved out of the jurisdiction of city courts. *See* La. C.C.P. art. 4847. But, this is not a succession proceeding. This is a suit on open account by Vicknair against Mr. Robinson individually. As discussed elsewhere in this opinion, a suit on an open account is within the subject matter jurisdiction of a city court.

4

**Peremptory Exception of Lack of Subject Matter Jurisdiction**

"Whether a court has subject matter jurisdiction is reviewed on appeal under the *de novo* standard of review." *Lassalle v. Napoleon*, 22-0460, p. 4 (La. App. 4 Cir. 12/20/22), 356 So.3d 74, 77 (internal citations omitted). Subject matter jurisdiction is a threshold requirement in all suits. "Once the objection of the lack of subject matter jurisdiction is raised by the parties or noticed by the court on its own motion, the court shall address the objection before ruling on any other matter. and it must be addressed, when raised by the parties, before any other exception." La. C.C.P. art. 927 (B).

A city court's subject matter jurisdiction is limited in two respects: (i) by the amount in dispute; and (ii) by the nature of the proceeding. La. C.C.P. art. 4841(A). Neither limitation applies here.

First, the amount of the demand in this case—$16,501.55, with interest, attorney's fees, and costs—falls within the $25,000 statutory cap for a city court in New Orleans. *See* La. C.C.P. art. 4843(D) (providing that "the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed twenty-five thousand dollars").[4]

Second, the subject matter of this suit—a petition on open account—is not one of the type cases or proceedings carved out of the jurisdiction of a city court by La. C.C.P. art. 4847. *See* La. C.C.P. art. 4846.[5]

---

[4] La. C.C.P. art. 4841(B) (providing that "[f]or the purposes of this Chapter, the amount in dispute is determined by the amount demanded, including damages pursuant to Civil Code Articles 2315.3 and 2315.4, or value asserted in good faith by the plaintiff, but does not include interest, court costs, attorney fees, or penalties, whether provided by agreement or by law").

[5] La. C.C.P. art. 4847 provides:

> Except as otherwise provided by law, a parish court or city court has no jurisdiction in any of the following cases or proceedings:

Recapping, Vicknair's suit asserts an open account claim—a type of case that a city court has jurisdiction to decide—and the amount it demands falls within the $25,000 statutory cap on the City Court's jurisdiction. Hence, the City Court has subject matter jurisdiction over this open account suit. The exception of lack of subject matter jurisdiction lacks merit.

**Declinatory Exception of Lis Pendens**

"A trial court's ruling on an exception of *lis pendens*, pursuant to La. C.C.P. art. 531, presents a question of law; thus, it is reviewed *de novo*." *TMF Hotel Properties, L.L.C. v. Crescent City Connections 501(C) 7 Gris-Gris Pleasure Aide & Soc. Club*, 18-0079, p. 4 (La. App. 4 Cir. 11/28/18), 318 So.3d 756, 760. In order to grant a lis pendens exception, all of the following three elements must be satisfied: (1) two or more suits pending; (2) the pending suits involve the same transaction or occurrence; and (3) the pending suits involve the same parties in the

--------------------

(1) A case involving title to immovable property.

(2) A case involving the right to public office or position.

(3) A case in which the plaintiff asserts civil or political rights under the federal or state constitutions.

(4) A claim for annulment of marriage, divorce, separation of property, or alimony.

(5) A succession, interdiction, receivership, liquidation, habeas corpus, or quo warranto proceeding.

(6) A case in which the state, or a parish, municipal, or other political corporation is a defendant, except for a petition for nullity filed in the City Court of East St. Tammany to nullify a judgment of bond forfeiture rendered by the City Court of East St. Tammany.

(7) Any other case or proceeding excepted from the jurisdiction of these courts by law.

B. In addition, city courts shall not have jurisdiction in tutorship, curatorship, emancipation, and partition proceedings.

same capacities. *See* La. C.C.P. art. 531; *Nieto v. Dodd*, 24-0293, p. 3 (La. App. 4 Cir. 5/20/24), 390 So.3d 432, 435.

Here, Mr. Robinson's lis pendens exception is premised on the undisputed fact that, in February 2023, Vicknair filed the POC asserting a claim against the Coleman Succession for unpaid legal fees in the same amount asserted in this case—$16,501.55. For this reason, Mr. Robinson contends that Vicknair's claim is pending in the Coleman Succession.

At the hearing on the exceptions, Vicknair countered that the filing of a proof of claim in a succession proceeding is akin to sending a demand letter and that it is not the filing of a legal proceeding. Moreover, Vicknair emphasized that the POC was filed against the Coleman Succession; whereas, this open account suit was filed against Mr. Robinson, individually. Thus, the parties are not the same. We agree.

In its POC, Vicknair asserted that it was filing its claim pursuant to La. C.C.P. art. 3245, which is part of the procedural scheme to enforce a claim against a succession. *See Succession of Wray*, 577 So.2d 1163, 1165 (La. App. 2d Cir. 1991) (observing the procedural scheme is set forth in La. C.C.P. arts. 3241-46 and that "[a] creditor 'may enforce his claim judicially' only after the succession representative has rejected the claim"). Filing a proof of claim is not akin to filing suit. *See Succession of Griffith*, 415 So.2d 670, 675 (La. App. 4th Cir. 1982) (observing that "[b]y filing . . .[a] "Proof of Claim" . . . [the creditor] was following the procedures prescribed by the Code of Civil Procedure. . . . [the]

7

purpose was to have the succession representative acknowledge or reject the claim, to have security posted for the claim and to stop the running of prescription on the claim").

Summarizing, the POC is not a pending prior suit. Regardless, the parties in the Coleman Succession and this case are not the same. The Coleman Succession is the other party in the succession proceeding; the other party in this case is Mr. Robinson, individually. All the lis pendens requirements are not satisfied here. The lis pendens exception lacks merit.[6]

**Declinatory Exception of Improper Venue**

"Venue is a question of law and where a legal error interdicts the fact finding process and the record is otherwise complete, an appellate court should then conduct a *de novo* review of the record." *Anaya v. Legg Mason Wood Walker, Inc.*, 07-0654, p. 18 (La. App. 4 Cir. 5/14/08), 985 So.2d 281, 291 (internal citations omitted). But, "the trial court's factual findings underlying the decision are reviewed under the manifest error standard of review." *Arc Industries, L.L.C. v. Nungesser*, 06-1353, p. 2 (La. App. 3 Cir. 11/21/07), 970 So.2d 690, 693 (internal citations omitted).

The original "home base" venue concept—the principle that one is entitled to be sued in one's domicile—"has become anachronistic with the ever-increasing number of legislative exceptions to venue at the party's domicile." *Underwood v. Lane Mem'l Hosp.*, 97-1997, p. 3 (La. 7/8/98), 714 So.2d 715, 716-17 (citing *Kellis v. Farber*, 523 So.2d 843, 847 (La.1988)). The Supreme Court has observed that

---

[6] As noted elsewhere in this opinion, the trial court, at the hearing on the exceptions, reached the same result, observing that the parties in the two proceeding were not the same.

8

"plaintiffs may choose any venue available under La. Code Civ. P. art. 42 or any other supplementary venue provided by law that fits the particular circumstances of their claims." *Cacamo v. Liberty Mut. Fire Ins. Co.*, 99-3479-81, p. 5 (La. 6/30/00), 764 So.2d 41, 44. "These alternative statutory venue provisions are an extension, supplement, and legal part of the general venue provisions, rather than exceptions requiring strict construction." *Elliott v. Amato & Creely*, 05-0376, p. 4 (La. App. 1 Cir. 3/29/06), 934 So.2d 779, 781.

Procedurally, a plaintiff invoking one of the supplemental venue provisions "must allege sufficient facts to prove that the chosen venue is proper." *Elliott*, 05-0376, p. 5, 934 So.2d at 782. "For the purposes of determining a proper venue, the plaintiff's allegations are taken as true." *Id*. "If the grounds for an objection of improper venue do not appear on the face of the plaintiff's petition, the burden is on the defendant to offer evidence in support of his position." *Id*. (internal citations omitted).

Here, La. C.C.P. art. 74.4 (A)—which governs venue for an open account suit—is the applicable supplemental venue provision;[7] it provides that "[a]n action to collect an open account may be brought in the parish where the open account was created or where the services that formed the basis of such open account were performed, or in the parish of the domicile of the debtor." La. C.C.P. art. 74.4 (A). Vicknair alleged in its petition that the unpaid legal services all were performed at its law office, which is located in Orleans Parish. Taking this allegation as true,

---

[7] Vicknair also relies upon La. C.C.P. art.76.1, the supplemental venue provision for contract actions which provides: "[a]n action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract." Given our finding that La. C.C.P. art. 74.4 (A) applies, we find it unnecessary to address that issue.

9

Vicknair alleged sufficient facts to establish that venue was proper in City Court pursuant to La. C.C.P. arts. 74.4(A).[8]

Mr. Robinson's venue exception is based on the argument that, contrary to the allegations of the petition, all the unpaid legal services were performed by Vicknair in Jefferson Parish where the Coleman Succession is pending.[9] Again, when, as here, the grounds for the improper venue exception do not appear on the face of the petition, the burden is on the defendant—here, Mr. Robinson—to offer evidence in support of his position. *Elliott*, 05-0376, p. 5, 934 So.2d at 782.

Mr. Robinson, in support of his improper venue exception, offered copies of pleadings that Vicknair filed in the Coleman Succession in Jefferson Parish. But, each of those pleadings have a signature block. The signature block is signed by one of Vicknair's attorneys and lists the firm's address—909 Poydras Street, Suite 2025, New Orleans, Louisiana. Thus, the evidence upon which Mr. Robinson relies fails to support his position that all the legal services were performed in Jefferson, as opposed to Orleans, Parish. Rather, the evidence reflects that the legal services were performed, at least in part, in Orleans Parish. Stated otherwise, the pleadings reflect, as the petition alleges, that the legal services were performed, at least in part, at the firm's office located in Orleans Parish. Accordingly, we find that Mr. Robinson failed to carry his burden of establishing that venue in City Court was improper. The exception of improper venue lacks merit.

---

[8] *See* La. C.C.P. art. 4851(B) (providing that "[t]he rules of venue provided in Articles 41 through 45, 71 through 79 and 121 through 124 apply to suits brought in city court, except that where these articles use the word 'parish' it shall be construed to mean the territorial jurisdiction of the city court").

[9] In sustaining the exception, the trial court, at the hearing, observed that venue was improper because if a judgment was awarded in Vicknair's favor, the judgment would have to be made executory in another parish to be enforced against Mr. Robinson.

## DECREE

For the foregoing reasons, the trial court's May 22, 2024 judgment granting the exceptions of improper venue and lis pendens is reversed; and this matter is remanded for further proceedings consistent with the views expressed in this opinion.

**REVERSED AND REMANDED**